# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FOND DU LAC BUMPER EXCHANGE INC., et al.,**

    Plaintiffs,

v.                        Case No. 09-CV-00852

**JUI LI ENTERPRISE COMPANY LTD., et al.,**

    Defendants.

## COURT MINUTES OF CONFERENCE

Judge Lynn Adelman, presiding      Date: 5/9/2012
Time Commenced: 3:00 p.m.        Concluded: 3:50 p.m.
Deputy Clerk: RM                  Court Reporter: N/A

**APPEARANCES:**
**Plaintiff:** Jessica Servais; Vincent Esades; Jason Lindner; Scott Wagner; Ben Barnow; Michael Roberts; Stephanie Smith; Corey Mather; Dan Karon;

**Defendant:** Joe Voiland; Mark Cameli; Robert Kalec; Yi Chin Ho; Gretchen Jankowski;

**Nature of Conference:** Status     [X] **Telephonic**

**Notes:**

The court **GRANTED** Direct Purchaser Plaintiffs' motion to compel [DOCKET #270]:

1. Defendants' productions in discovery will be for the time period of 2000 to the present.

2. Defendants shall produce documents between defendants and any third-party manufacturers of AM Sheet Metal Parts responsive to Direct Purchaser Plaintiffs' Document Request No. 37, which requests:

> All Documents relating to the negotiation, operation, expansion or termination of any joint venture, production, marketing or co-marketing agreement with any Defendant or any other AM Sheet Metal Parts manufacturer that relates to the production, manufacture, distribution, marketing, promotion, pricing, or sale of AM Sheet Metal Parts or any raw material or intermediate material used to manufacture AM Sheet Metal Parts.

3. Defendants will produce all of the following by **October 1, 2012:**
   - All documents responsive to Document Request No. 37.
   - Transactional databases that this court ordered defendants to produce on July 26, 2011.
   - Transactional databases that this court ordered defendants to produce on December 28, 2011.
   - Documents, electronically stored information ("ESI"), and data which this court has ordered defendants to produce or which defendants have agreed to produce as set forth in the October 21, 2011 letter to Jessica Servais from Shari Mulrooney Wollman.
   - Rule 33(d)-compliant interrogatory responses.

With respect to the parties' disputes related to the updated Rule 26(f) report, the court **ORDERED** that:

1. Plaintiffs must provide an initial class statement to defendants within ninety (90) days of the entry of the court's order based on the parties' final Rule 26(f) report.

2. Defendants shall have the option of deposing both the direct purchaser plaintiffs' and indirect purchaser plaintiffs' experts for the motions for class certification twice. Defendants may depose plaintiffs' experts once after the initial reports are filed and served with plaintiffs' briefs in support of the motions, and, if a reply report is filed and served with plaintiffs' reply briefs, defendants may depose plaintiffs' experts a second time.

3. The motions for summary judgment in the indirect purchaser plaintiffs' action must be filed and served within 90 days of the close of merits expert depositions.

4. The court will set a trial date after ruling on the parties' dispositive motion.

5. Each party must produce a privilege log for all documents withheld on a rolling basis. The first installment of the privilege log is due within 30 days of the first document production. Documents containing communications between either party and its counsel that occurred after these lawsuits were filed do not have to be included in the privilege logs.

6. Redaction logs must be produced within 30 days of the production of the redacted documents.

7. The parties must produce paper documents in the same format that they are kept in the usual course of business. Defendants are not required to convert the paper documents they produce to .TIFF files.

8. Defendants must produce metadata for all files containing ESI. If defendants find that producing metadata for files that are not formula specific is too costly, defendants may file a motion for a protective order with respect to these documents. In doing so, defendants

2

should provide the court with specific information on what it will cost defendant to produce this metadata.