UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**FOND DU LAC BUMPER EXCHANGE, INC.**, on
behalf of itself and others similarly situated,
        Plaintiffs,                               Case No. 09C0852

v.

**JUI LI ENTERPRISE COMPANY, LTD., ET AL.**,
        Defendants.
_____

**DZIDRA FULLER, et al.**,
        Plaintiffs,

v.                                                    Case No. 13C0946

**JUI LI ENTERPRISE COMPANY, LTD., ET AL.**,
        Defendants.
_____

**FIREMAN'S FUND INSURANCE, CO.**, on
behalf of itself and others similarly situated,
        Plaintiff,

v.                                                    Case No. 13C0987

**JUI LI ENTERPRISE COMPANY, LTD., ET AL.**,
        Defendants.
_____

**NATIONAL TRUCKING FINANCIAL
RECLAMATION SERVICES, LLC**, on behalf of
itself and others similarly situated,
        Plaintiff,

v.                                                    Case No. 13C0987

**JUI LI ENTERPRISE COMPANY, LTD., ET AL.**,
        Defendants.
_____

**DECISION AND ORDER**

In 2009, a group of direct purchasers of aftermarket sheet metal products filed a putative class action against defendants alleging a violation of the Sherman Act. Subsequently, various indirect purchasers including Fireman's Fund Insurance Company ("plaintiff") filed putative class actions alleging state law antitrust and unfair competition claims which I consolidated with the direct purchasers' action. Before me now is defendants' joint motion to dismiss several of plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). I accept the complaint's factual allegations as true, but allegations in the form of legal conclusions are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## I. Statute of Limitations Issues

First, defendants argue that some of plaintiff's claims are barred by statutes of limitations. Generally, a statute of limitations bar is an affirmative defense, and it is "irregular" to dismiss a claim as untimely on a motion to dismiss. *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (quoting *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004)). Under Fed. R. Civ. P. 8, a complaint need not anticipate or overcome affirmative defenses such as the statute of limitations. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2014). "[B]ecause the period of limitations is an affirmative defense, it is rarely a good reason to dismiss under Rule 12(b)(6). Maybe [the defendant] has itself done something that warrants tolling. Maybe plaintiffs will be unable to prove that [defendant's] acts justify tolling or estoppel. . . . It is best to await a final

decision rather than leap into a subject that evidence may cast in a new light." *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1030 (7th Cir. 2004).

As a result, a complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense. However, dismissal under Rule 12(b)(6) is appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to satisfy a statute of limitations defense. *Hollander*, 457 F.3d at 691 n.1. The question at this stage is whether the complaint includes a set of facts that if proven would establish a defense to the statute of limitations. *Clark v. City of Braidwood*, 318 F.3d 764, 768 (7th Cir. 2003).

**A. Kansas Claims**

Plaintiff's complaint includes claims for unjust enrichment and restraint of trade under Kansas law both of which are governed by three year limitation periods. *See Stehlik v. Weaver*, 206 Kan. 629, 637 (1971) (Kansas unjust enrichment claims); *McCue v. Franklin*, 156 Kan. 1, 7 (1942) (Kansas Restraint of Trade Act claims). Under Kansas law, a claim generally accrues when the right to sue arises, i.e. when all the elements of the claim are present. *Estate of Draper v. Bank of Am., N.A.*, 288 Kan. 510, 534 (2009). An element of both an unjust enrichment claim and a Restraint of Trade Act claim is that the plaintiff confers some benefit to the defendant resulting in an injury. *Id.* at 518 (stating that conferring "a benefit . . . upon the defendant" is an element of an unjust enrichment claim); *Bellinder v. Microsoft Corp.*, No. 00-C-0855, 2001 WL 1397995, at *4 (Kan. D.C. Sept. 7, 2011) (stating that a Kansas Restraint of Trade Act claim requires proof "that . . . the Plaintiffs purchased products at prices which, as a result of the conspiracy, were higher

3

than they should have been"). Thus, both of plaintiff's Kansas law claims accrued when a purchase was made. Plaintiff filed its initial complaint on August 30, 2013, and alleged that purchases occurred "from August 30, 2010 through the present." Am. Compl. at 30. This allegation puts both of plaintiff's Kansas claims within the three-year limitation periods.

**B. Arizona, Arkansas, Massachusetts, North Carolina, and Tennessee Claims**

Plaintiff's Arizona, Arkansas, Massachusetts, and North Carolina unjust enrichment claims and its Tennessee Trade Practices Act claim allege injuries occurring from January 1, 2003 to present and are also governed by three-year limitation periods. Thus some of the alleged injuries fall outside of the three-year periods. Nevertheless, I decline to dismiss any of plaintiff's claims without fact discovery because plaintiff plausibly alleges several grounds on which the limitation periods should be tolled. *Reiser*, 380 F.3d at 1030.

First, plaintiff alleges that the limitation periods should be tolled under the continuing violation doctrine, which applies in Arizona, Arkansas, North Carolina, and Tennessee and which provides that where a plaintiff alleges a series of overt acts which inflict "new and accumulating injury," the statute of limitations runs from the last overt act. *In re Skelaxin Antitrust Litig.*, 12-md-2343, at *28 (E.D. Tenn. May 20, 2013). In the antitrust context, the doctrine applies in situations where "a price-fixing conspiracy . . . brings about a series of unlawfully high priced sales over a period of years," and holds that "'each overt act that is part of the violation and that injures the plaintiff,' *i.e.*, each sale to the plaintiff, 'starts the statutory period running again, regardless of the plaintiff's knowledge of the alleged illegality at much earlier times.'" *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 189 (1997) (quoting 2 P. Areeda & H. Hovenkamp, Antitrust Law ¶ 338b, at 145 (rev. ed. 1995)). Here,

4

plaintiff alleges that from January 1, 2003 continuing to the present, defendants engaged in price-fixing activity and that it indirectly purchased aftermarket sheet metal from defendants from January 1, 2003 through the present in Arizona, Arkansas, North Carolina, and Tennessee. Thus, plaintiff alleges ongoing sales inflicting new injuries, i.e. overpayments, occurring within the limitation periods.

Plaintiff's Arizona, Massachusetts, and Tennessee claims may also be tolled by the discovery rule, which holds that a statute of limitations does not begin to accrue until the plaintiff knew or should have known about its injury. *Stewart v. Sterling Mobile Services, Inc.*, No. 1 CA-CV 13-0221, 2014 WL 890370, at *3 (Ariz. Ct. App. Mar. 6, 2014); *Vander Salm v. Bailin & Assoc., Inc.*, CIV A 11-40180, 2014 WL 1117017, at *9 (D. Mass. Mar. 18, 2014); *In re Lineboard Antitrust Litig.*, 22 F.R.D. 335, 343 (E.D. Pa. 2004) (applying the discovery rule to a Tennessee Trade Practices Act claim). Plaintiff alleges that it "could not have discovered the violations alleged herein until shortly before filing this Complaint," and that "[d]efendants and their co-conspirators conducted their conspiracy secretly, concealed the nature of their unlawful conduct and acts in furtherance thereof, and fraudulently concealed their activities through various other means and methods designed to avoid detection." Am. Compl. at 28. These allegations suggest that plaintiff could not have reasonably discovered its injury until well after defendants' alleged misconduct began.

Defendants argue that plaintiff was on constructive notice and therefore should have discovered its injury when the direct purchaser plaintiffs filed their complaint in 2009. Information in the public domain, however, does not necessarily put a plaintiff on constructive notice of its injuries. *See, e.g.*, *In re Copper Antitrust Litig.*, 436 F.3d 782, 790

5

(7th Cir. 2006) (concluding that "a dispute of material fact exists regarding when a diligent inquiry" by a plaintiff would have revealed its cause of action despite publicly available information). When plaintiff should have reasonably discovered its injury is a fact issue not amenable to resolution at the motion to dismiss stage.

Plaintiff's Arizona, Arkansas, Massachusetts, North Carolina, and Tennessee claims may also be tolled pursuant to the doctrine of fraudulent concealment, *see, In re Copper Antitrust Litig.*, 436 F.3d at 791, which requires a plaintiff to show that defendants took "affirmative steps after the original wrongdoing to divert attention, mislead, or prevent discovery." *In re Sulfuric Acid Antitrust Litig.*, 743 F. Supp. 2d 827, 854 (N.D. Ill. 2010). Arizona, Arkansas, Massachusetts, North Carolina, and Tennessee recognize this doctrine and require essentially the same elements: affirmative fraudulent conduct designed to avoid detection of the conspiracy and the exercise of due diligence by the plaintiff to uncover the claims. Mass. General Laws 260 § 12; *Walk v. Ring*, 202 Ariz. 310, 319–20 (2002); *Martin v. Arthur*, 339 Ark. 149, 154 (1999); *Friedland v. Gales*, 131 N.C. App. 802, 807–08 (Ct. App. 1998); *In re Estate of Davis*, 308 S.W.3d 832, 842 (Tenn. 2010). The affirmative fraudulent act must be pled with particularity. *See* Fed. R. Civ. Pr. 9(b); *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547 (7th Cir. 2012) (applying Rule 9(b)'s heightened pleading standard to fraudulent concealment). This requires a plaintiff to plead "the who, what, when, where, and how" of the allegedly fraudulent act. *Wigod*, 673 F.3d at 569 (quotation omitted).

Plaintiff's allegations of fraudulent concealment are sufficient to survive defendants' motion to dismiss. Plaintiff pleads affirmative fraudulent conduct with particularity, alleging

6

the who (defendants), the what (falsely attributing the cause of price increases to other causes and agreeing among themselves to keep their price-fixing secret), the when (as early as January 2003 continuing to the present, but alleging at least one specific meeting in March 2008), the where (in Taipei), and the how (via secret meetings and other methods of communication). As to due diligence, a party is not required "to allege specific, detailed, or even generalized so-called due diligence" if the complaint "plausibly suggests that a plaintiff lacked inquiry notice of her claim." *In re Processed Egg Prods. Antitrust Litig.*, No. 08-md-2002, 2013 WL 4504768, at *4 (E.D. Pa. Aug. 23, 2013); *see also In re Auto. Parts Antitrust Litig.*, No. 12-md-2311, 2014 WL 2993753, at *13 (E.D. Mich. July 3, 2014) (finding that a general pleading of due diligence was sufficient where "there was no conduct that should have prompted [indirect purchaser plaintiffs] to investigate").

Defendants argue that plaintiff's allegation that it knew sheet metal prices were increasing and that defendants misrepresented the reasons for price increases indicates that plaintiff was on notice and thus obliged to plead reasonable due diligence with specificity. I disagree. "Market conditions standing alone do not put a plaintiff on notice that the prices it paid resulted from an illegal conspiracy." *In re Auto. Parts Antitrust Litig.*, No. 12-md-2311, 2014 WL 2993753 at *13 (E.D. Mich. July 3, 2014). Further, that defendants allegedly lied about the reason for the price increases if anything, supports plaintiff's assertion that it had no reason to know about defendants' conduct and thus no reason to investigate. Defendants also argue that fraudulent concealment can only toll the statutes of limitations until 2009 when the direct purchaser plaintiffs filed their complaint. After that time, defendants argue, they could not have fraudulently concealed the information

because the lawsuit was in the public domain, putting plaintiff on constructive notice. As previously discussed, however, when plaintiff should have reasonably discovered its injuries is a fact issue.[1]

Because I have found that plaintiff's claims survive defendants' motion to dismiss based on statutes of limitations, I need not address whether plaintiff's claims are tolled by the class action tolling doctrine.

## II. Donnelly Act Claim

Plaintiff also brings a claim under New York's Donnelly Act seeking treble damages. Defendants argue that this claim fails because under New York's Civil Practice Law and Rules § 901(b), a plaintiff may not maintain a class action to recover a penalty, and the Donnelly Act's treble damages provision is a penalty. *See Sperry v. Crompton Corp.*, 863 N.E.2d 1012, 1017 (N.Y. 2007). Plaintiff counters that § 901(b) does not apply in diversity cases because it conflicts with Fed. R. Civ. P. 23. Generally, in a diversity action I apply state substantive law and federal procedural law. *Hanna v. Plumer*, 380 U.S. 460, 466 (1965). When faced with a potentially conflicting federal procedural rule and state law, I first determine whether the federal and state rules can be reconciled. *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 410 (2010). If they cannot, then I determine whether the federal rule runs afoul of 28 U.S.C. § 2072(b), which states that

---

[1] Defendants cite *Whirlpool Financial Corp. v. GH Holdings*, 67 F.3d 605 (7th Cir. 2010), for the proposition that if information is available in the public domain, constructive knowledge of its cause of action should be imputed to a plaintiff. *Whirlpool Financial,* however, holds that "once a plaintiff has been put on notice regarding the possibility of fraud," constructive knowledge of publicly available information may be imputed to it. Here, I have concluded that plaintiff did not plead facts which would have put it on notice of defendant's allegedly fraudulent conduct.

federal procedural rules "shall not abridge, enlarge, or modify any substantive right." *Id.* As long as the federal rule is procedural in nature and does not violate § 2072(b), it controls. *Id.* at 407–08.

In *Shady Grove,* the Supreme Court addressed the relationship between Rule 23 and § 901(b). The Court first held that Rule 23 and § 901(b) directly conflict because both address when a class action may be maintained. *Id.* at 401–02. It specifically noted that § 901(b) does not "limit[] the remedies available in an existing class action." *Id.* Rather, the statute "precludes a plaintiff from 'maintain[ing] a class action seeking statutory penalties," thereby "prevent[ing] the class actions it covers from coming into existence at all." *Id.* This conflicts with Rule 23, which also determines when a class action may be maintained. The Court then found that Rule 23 is procedural in nature because "it governs 'only the manner and the means' by which the litigants' rights are 'enforced,'" and does not "alter[] 'the rules of decision by which [the] court will adjudicate [those] rights.'" *Id.* at 407 (quoting *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 445 (1946)). It noted that Rule 23 "merely enables a federal court to adjudicate claims of multiple parties at once, instead of in separate suits" while leaving the parties' legal rights intact. *Id.* at 408. Thus, the Court concluded that "Rule 23 unavoidably preempts" § 901(b)'s prohibition of the recovery of statutory penalties in class actions. *Id.* at 445. (Ginsburg, J. dissenting). The *Shady Grove* analysis is applicable here. Like statutory interest which was at issue in *Shady Grove*, treble damages are considered a statutory penalty under § 901(b). The *Shady Grove* Court found that § 901(b) and Rule 23 directly conflict and that Rule 23 is procedural in nature. Thus, Rule 23 controls, §901(b) is inapplicable, and plaintiff's Donnelly Act claim for treble damages

survives.

### III. Conclusion

**THEREFORE, IT IS ORDERED** that defendants' joint motion to dismiss plaintiff's first amended class action complaint is **DENIED**.

Dated at Milwaukee, Wisconsin, this 12th day of January, 2015.

                                        s/ Lynn Adelman
                                        _____
                                        LYNN ADELMAN
                                        District Judge