UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Fond Du Lac Bumper Exchange, Inc., and Roberts Wholesale Body Parts, Inc. on Behalf of Themselves and Others Similarly Situated,<br><br>    Plaintiffs,<br>v.<br><br>Jui Li Enterprise Company, Ltd., *et al.*,<br><br>    Defendants. | CASE NO. 2:09-CV-00852-LA |
| Dzidra Fuller, *et al.*,<br><br>    Plaintiffs,<br>v.<br><br>Jui Li Enterprise Company Ltd., *et al.*,<br><br>    Defendants. | CASE NO. 2:13-CV-00946-LA |
| Fireman's Fund Insurance Company, on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>Jui Li Enterprise Company, Ltd., et al.,<br><br>    Defendants. | CASE NO. 2:13-CV-00987-LA |
| National Trucking Financial Reclamation Services, on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>Jui Li Enterprise Company, Ltd., et al.,<br><br>    Defendants. | CASE NO. 2:14-CV-01061-LA |

# REPLY DECLARATION OF RUSSELL L. LAMB, PH.D
# REGARDING LKQ and DEFENDANTS' TRANSACTION-LEVEL DATA

**Senior Vice President**
Nathan Associates Inc.
2101 Wilson Boulevard
Suite 1200
Arlington, VA 22201

June 4, 2015

I, Dr. Russell Lamb, of the City of Arlington, in the State of Virginia, in the United States of America, MAKE OATH AND SAY AS FOLLOWS:

1.  I am a Senior Vice President at Nathan Associates Inc. ("Nathan Associates") where I direct the litigation activities in the Arlington, VA office. I previously filed a Declaration regarding LKQ and Defendants' transaction-level data ("Lamb Declaration").[1] I was asked by Counsel for Plaintiffs in this matter to review the Declaration of Jith Jayaratne, Ph.D., Regarding LKQ's Transactions Data ("Jayaratne Declaration")[2] and respond to the criticisms contained therein. I address these criticisms below. I was also asked by Counsel for the Plaintiffs to review the Declaration of Jack Hsieh in Support of Defendants' Response to DPP's Motion for Relief Under FRCP 37(b)[3] and the Declaration of Richard Li in Support of Defendants' Response to DPP's Motion for Relief Under FRCP 37(b)[4] and respond to the claims contained therein regarding non-AMSM parts. I respond to these claims later in this Reply Declaration.

*Reliability of LKQ's Transaction-Level Purchase Data Regarding API*

---

[1] "Declaration of Russell L. Lamb, Ph.D Regarding LKQ and Defendants' Transaction-Level Data," dated April 24, 2015 (hereafter "Lamb Declaration").
[2] "Declaration of Jith Jayaratne, Ph.D., Regarding LKQ's Transactions Data," dated May 18, 2015 (hereafter "Jayaratne Declaration").
[3] "Declaration of Jack Hsieh in Support of Defendants' Response to DPP's Motion for Relief Under FRCP 37(b)," dated May 14, 2015 (hereafter "Hsieh Declaration").
[4] "Declaration of Richard Li in Support of Defendants' Response to DPP's Motion for Relief Under FRCP 37(b)," dated May 18, 2015 (hereafter "Li Declaration").

2.      In the Jayaratne Declaration, Dr. Jayaratne claims that "it is very likely that [my] analyses related to API are flawed and unreliable."[5] He is incorrect, as he assumes I utilized all the data LKQ initially produced to the Indirect Purchaser Plaintiffs. On June 4, 2014 I received transaction-level purchase data for LKQ.[6] Upon analyzing these data, I determined that the file "PO - 11170 API.xlsx" was duplicative of "PO - 10299 Tong Yang.xlsx." I then received corrected API data shortly thereafter.[7] These non-duplicative data were correctly included into my analyses.

*LKQ's purchases from Jui Li*

3.      In the Jayaratne Declaration, Dr. Jayaratne claims that the "Lamb Declaration does not contain any analysis related to LKQ's purchases from Jui Li."[8] He is incorrect, as my analysis in the Lamb Declaration did utilize LKQ's data for purchases from Jui Li. In the Lamb Declaration, I calculated "the total amount of sales of AMSM reflected in all the transactional data produced by *all* the Defendants."[9] I also estimated the total volume of commerce sold to the proposed class using the LKQ purchase data produced to me as a basis.[10] The proposed class includes purchasers of AMSM parts from Defendant Jui Li during the proposed class period. In turn, the analysis contained in the Lamb Declaration regarding sales and purchases of AMSM parts contained in the Defendants' transaction-level data and the LKQ data, respectively, contained sales by, and purchases from, Defendant Jui Li.

*Removal of Non-AMSM Parts from My Analysis*

4.      Defendants claim that a portion of the Partslink numbers contained in the LKQ purchase data were for non-AMSM parts.[11] In order to address the possibility that the analysis contained in the Lamb Declaration contained non-AMSM parts, I analyzed the Partslink numbers contained in the LKQ Data and eliminated those related to non-AMSM parts from my analysis based on information provided to me by Counsel for the Plaintiffs. In the event that additional

---

[5] Jayaratne Declaration at ¶11.
[6] "PO - 10299 Tong Yang.xlsx;" "PO - 11170 API.xlsx;" "PO - 11693 Jui Li.xlsx;" "PO - 11703 T.Y.G. Products.xlsx;" "PO - 13682 Gordon.xlsx;" "PO - 16184 Tong Yang (DNU).xlsx;" "PO - 17320 Tong Yang (DNU).xlsx;" "PO - 17320 Tong Yang (DNU).xlsx;" "PO - 23424 T.Y.G. Products (DNU).xlsx;" "PO - 23424 T.Y.G. Products (DNU).xlsx;" "PO - 26907 Tong Yang (DNU).xlsx;" and "PO - 26907 Tong Yang (DNU).xlsx."
[7] "DD011170.ARCH00.csv;" "DD011170.ARCH11.csv;" and "DD011170.csv."
[8] Jayaratne Declaration at ¶13.
[9] Lamb Declaration at ¶15. (emphasis added)
[10] Lamb Declaration at ¶16.
[11] Hsieh Declaration at ¶4; Li Declaration ¶10.

information regarding non-AMSM parts is made available to me, my analysis can be revised to reflect this new information.

5.      In the event that additional data and information is made available to me regarding purchases of AMSM parts by direct purchasers such as LKQ, my analysis could be revised to reflect this additional information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 4, 2015.

*Russell L. Lamb, Ph.D.* (signature)

Russell L. Lamb, Ph.D.