**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| Fond Du Lac Bumper Exchange, Inc., and Roberts Wholesale Body Parts, Inc. on Behalf of Themselves and Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>Jui Li Enterprise Company, Ltd., et al.,<br><br>Defendants. | CASE NO. 2:09-CV-00852-LA |
| Fireman's Fund Insurance Company, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Jui Li Enterprise Company, Ltd., et al.,<br><br>Defendants. | CASE NO. 2:13-CV-00987-LA |
| National Trucking Financial Reclamation Services, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Jui Li Enterprise Company, Ltd., et al.,<br><br>Defendants. | CASE NO. 2:14-CV-01061-LA |

**DEFENDANTS JUI LI ENTERPRISE COMPANY, LTD., AUTO PARTS INDUSTRIAL, LTD. AND CORNERSTONE AUTO PARTS, LLC'S SURREPLY IN RESPONSE TO DIRECT PURCHASER PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

Much of DPPs' Reply brief is merely a rehash of their opening brief, but buried within their reply and Dr. Lamb's new report are new theories and new arguments that go to the heart of class certification. [redacted]

[redacted]

[redacted]

---

[1] This surreply focuses on the new arguments made in DPPs' reply, and the new materials submitted therewith. Defendants continue to assert the additional arguments against class certification set forth in their Opposition Brief. (Dkt. No. 785).

[2] Expert Surrebuttal Report of Janusz A. Ordover (herein "Ordover Surrebuttal") (Beck Decl. Exh. A).

[3] [redacted]

**1. The Court Must Resolve this Dispute at this Stage**

[redacted] The Seventh Circuit has made it clear that issues of conflicting experts and ones that may overlap with the case's merits must nevertheless be decided by the District Court as part of class certification. As stated in *Am. Honda Motor Co. v. Allen*, 600 F.3d 813, 815 (7th Cir. 2010):

> In *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001), we held that a district court must make whatever factual and legal inquiries are necessary to ensure that requirements for class certification are satisfied before deciding whether a class should be certified, even if those considerations overlap the merits of the case. And in *West v. Prudential Sec., Inc.*, 282 F.3d 935, 938 (7th Cir. 2002), we held that a plaintiff cannot obtain class certification just by hiring a competent expert. We emphasized, "A district judge may not duck hard questions by observing that each side has some support. . . . Tough questions must be faced and squarely decided, if necessary by holding evidentiary hearings and choosing between competing perspectives."

The approach taken by this Court fifteen years ago in *Paper Sys. v. Mitsubishi Corp.*, 193 F.R.D. 601, 614 (E.D. Wis. 2000), a case relied upon by DPPs, is no longer the law.[4] It is no longer the case that "resolving disputes about the merits of the plaintiff's case should be left to a later stage of litigation." *Paper Sys. v. Mitsubishi Corp.*, 193 F.R.D. 601, 614 (E.D. Wis. 2000). To the contrary, the Supreme Court now requires this court conduct a "rigorous analysis" of all the elements of Rule 23 including a review of the regression model offered by the plaintiffs in support of class certification and criticisms of it by Defendants' expert. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011); *see also ATA Airlines, Inc. v. Fed. Express Corp.*, 665 F.3d 882, 889 (7th Cir. 2011) (discussing interpretation of regression analysis).

---

[redacted]

**2. Regression Analysis in Class Certification**

There is no more basic economic principle than that prices are determined by supply and demand. [redacted]

When performing a regression, it is expected that the predicted prices will vary from the actual prices. This difference is the residual price, that portion of the actual price that the model fails to correctly predict. *ATA Airlines, Inc. v. Fed. Express Corp.*, 665 F.3d 882, 890 (7th Cir. Ind. 2011) ("the regression residual—the part of the dependent variable that is not explained or predicted by the independent variable and the intercept, or in other words is 'left over,' like the change you receive after paying for a 99-cent item with a $1 bill."). If the model is basically sound, the inevitable residual will be random. [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

---

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

> [redacted]

[redacted]

[redacted]

[redacted]

---

[redacted]

[redacted]

[9] Defendants reserve the right to challenge Dr. Lamb's testimony with a motion to exclude it.

[10] [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

**G. Conclusion**

At the class certification stage, DPPs have the burden to show (1) that there was impact on the proposed class; and (2) that the impact was classwide – that is that all, or nearly all, class members were impacted. [redacted]

For the reasons set forth herein and in the Defendants' Opposition Brief, DPPs' Motion for Class Certification must be denied.

January 5, 2016

Respectfully submitted,

**ATTORNEYS FOR DEFENDANTS**

s/ *Justin T. Beck*
Justin T. Beck
Ronald C. Finley
BECK, BISMONTE & FINLEY, LLP
150 Almaden Blvd., 10th Floor
San Jose, CA 95113
Telephone: (408) 938-7900
Facsimile: (408) 938-0790
Email: jbeck@beckllp.com
rfinley@beckllp.com

*Attorneys for Defendant Jui Li Enterprise Co., Ltd.*

s/ *Gretchen L. Jankowski*
Gretchen L. Jankowski
Cindy Hinkle
Wendelynne J. Newton
BUCHANAN INGERSOLL & ROONEY PC
301 Grant Street, 20th Floor
Pittsburgh, PA 15219
Telephone: (412) 562-8800
Facsimile: (412) 562-1041
Email: gretchen.jankowski@bipc.com
cindy.hinkle@bipc.com
wendelynne.newton@bipc.com

*Attorneys for Defendants Auto Parts Industrial, Ltd. and Cornerstone Auto Parts, LLC*