UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Fond Du Lac Bumper Exchange, Inc., and Roberts Wholesale Body Parts, Inc. on Behalf of Themselves and Others Similarly Situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>Jui Li Enterprise Company, Ltd., et al.,<br><br>  Defendants. | Case No. 2:09-cv-00852-LA<br><br>Consolidated with: |
| Fireman's Fund Insurance Company, on behalf of itself and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>Jui Li Enterprise Company, Ltd., et al.,<br><br>  Defendants. | Case No. 2:13-cv-00987-LA |
| National Trucking Financial Reclamation Services, LLC, individually and on behalf of itself and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>Jui Li Enterprise Company Ltd., et al.,<br><br>  Defendants. | Case No. 2:14-cv-1061-LA |

**ORDER GRANTING REPRESENTATIVE PLAINTIFFS'
<u>MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENTS</u>**

This matter coming before the Court on the motion of Representative Plaintiffs, Fireman's Fund Insurance Company and National Trucking Financial Reclamation Services, LLC ("Representative Plaintiffs"), for an Order: (1) granting final approval of the class action settlement agreement between Representative Plaintiffs and Tong Yang Industry Co., Ltd., as successor-in-interest to Taiwan Kai Yih Industrial Co. Ltd., and TYG Products L.P. ("Tong Yang Defendants"), and finding the settlement to be fair, reasonable, and adequate; and (2) granting final approval of the class action settlement agreement between Representative Plaintiffs and Gordon Auto Body Parts Co., Ltd. ("Gordon") and finding the settlement to be fair, reasonable, and adequate. Representative Plaintiffs' settlement agreement with Tong Yang Defendants and Representative Plaintiffs' settlement agreement with Gordon are referred to collectively herein as the "Settlements."

Having considered the oral argument and written submissions of counsel, including the Settlements and Representative Plaintiffs' Motion for Final Approval of Class Action Settlement Agreements and supporting Memorandum, the Court makes the following findings and grants the relief set forth below. Except as otherwise indicated herein, terms and phrases in this Order shall have the same meaning as defined in the Settlements.

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1. Representative Plaintiffs' motion is **GRANTED**.

2. The Settlements are fair, reasonable, and adequate, and granted final approval.

3. The form, content, and methods of dissemination of Notice of the Settlements to the Settlement Class were reasonable, adequate, and constitute the best notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient notice of the Settlements, the terms and conditions set forth in the Settlements, and these proceedings to all

persons and entities entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process requirements.

4. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court affirms certification of the following Settlement Class:

> Representative Plaintiffs and all third-party payors who indirectly paid or reimbursed others for the purchase of Aftermarket Automotive Sheet Metal Products for end use and not sale or resale, purchased anywhere in the United States between January 1, 2003, through the date notice is presented to the Settlement Class.

Also excluded from the class are: (a) Defendants and their parents, subsidiaries, and affiliates; (b) all governmental entities; (c) any judicial officer presiding over the Action and the members of his/her family and judicial staff; and (d) those Persons who timely and validly requested exclusion from the Settlement Class.

5. Representative Plaintiffs and Co-Lead Settlement Class Counsel fairly and adequately represented the interests of Settlement Class members in connection with the Settlements.

6. The Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of class members is so numerous that joinder of all members of the class is impracticable; (b) there are questions of law and fact common to each member of the class; (c) the claims of the named plaintiffs are typical of the claims of the class they represent; (d) Plaintiffs and their counsel will fairly and adequately represent the interests of the class; (e) the questions of law and fact common to the members of the class predominate over any questions affecting only individual

class members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Fireman's Fund Insurance Company and National Trucking Financial Reclamation Services, LLC are the Court-appointed Class Representatives for purposes of this Settlement Class.

8. Representative Plaintiffs, Settling Defendants, and Settlement Class members shall consummate the Settlements in accordance with the terms thereof. The Settlements, and each and every term and provision thereof, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

9. After the costs of notice, the costs of claims administration, attorneys' fees, costs, and expenses, and incentive award payments ("Administrative Costs/Fees") are paid from the Escrow Account, the funds shall be distributed as follows:

(A) <u>Initial Disbursement</u>. No later than 90 days after the Effective Date of the Settlements, the Claims Administrator shall mail a distribution from the Escrow Account to each Settlement Class member that submitted a valid claim. After payment of Administration Costs/Fees, if the aggregate monetary value of all valid claims submitted does not exceed the remainder of funds in the Escrow Account, each Settlement Class member who submitted a valid claim shall receive the total amount claimed and, to the extent additional funds remain in the Escrow Account, such funds shall be distributed on a pro rata basis to all Settlement Class members who submitted a valid claim. But, if the aggregate monetary value of all valid claims submitted exceeds the remainder of funds in the Escrow Account, the funds remaining in the Escrow Account shall be distributed to Settlement Class members who submitted valid claims on a pro rata basis.

(B) <u>Second Disbursement</u>. On or before July 15, 2017, the Claims Administrator will mail a second distribution to each Settlement Class member that submitted a valid claim. The amounts to be paid to each Settlement Class member in the second distribution shall be calculated at the time of distribution. At that time, if the Settlement Class member was previously mailed a check in the total amount claimed on the Settlement Class member's claim form, then the Settlement Class member shall receive a pro rata share of the funds existing in the Escrow Account at the time of the second distribution. But, if the Settlement Class member was previously mailed a check in an amount based on a pro rata calculation, then the Settlement Class member shall be mailed a check for the balance of the amount claimed on the Settlement Class member's claim form. If there are not enough funds remaining in the Escrow Account to pay the balance of the amount claimed, then a pro rata calculation shall be made of the remaining funds and paid to Settlement Class members.

(C) <u>Remaining Funds</u>. If any funds remain in the Escrow Account following the above-mentioned payments and distributions, such as uncashed checks after 12 months from the date of issuance, such funds will be distributed pro rata to Settlement Class members who submitted valid claims, unless such remaining funds are *de minimis* in that they are insufficient to cover the costs of printing and mailing checks and related claims administration costs and to provide for the payment of $5 or more to each Settlement Class member receiving a distribution, in which case such funds shall be distributed to Settlement Class members in connection with the next distribution to the Settlement Class, such as a distribution relating to a settlement with a Non-Settling Defendant or a judgment in favor of the Settlement Class. However, if such distribution does not occur, after the conclusion of the Actions, Co-Lead Settlement Class Counsel shall petition the Court for leave to contribute such funds to one or more non-profit

organizations to be identified at that time dedicated to protecting and preserving competition in the United States.

11. 10. The Court retains continuing jurisdiction over the Settling Parties and the Settlement Class for the administration, consummation, and enforcement of the terms of the Settlements.

**IT IS SO ORDERED.**

Dated:  1/14/16                              s/Lynn Adelman

                                                                   Honorable Lynn Adelman
                                                                   United States District Judge