UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Fond Du Lac Bumper Exchange, Inc., and Roberts Wholesale Body Parts, Inc. on Behalf of Themselves and Others Similarly Situated,<br><br>　　　　　　　　Plaintiffs,<br>　v.<br>Jui Li Enterprise Company, Ltd., et al.,<br><br>　　　　　　　　Defendants. | Case No. 2:09-cv-00852-LA |

**ORDER GRANTING PRELIMINARY APPROVAL OF
DIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH
JUI LI ENTERPRISE COMPANY, LTD.**

This matter came before the Court on the motion of Direct Purchaser Plaintiffs ("DPPs" or "Class Plaintiffs") for an order (1) granting preliminary approval of a proposed settlement (the "Settlement") with Defendant Jui Li Enterprise Company, Ltd. ("Jui Li" or "Settling Defendant"); (2) certifying a settlement class for purposes of the Settlement; (3) appointing Fond du Lac Bumper Exchange, Inc. and Roberts Wholesale Body Parts, Inc. as representatives of the settlement class, and Co-Lead Counsel and Liaison Counsel as Co-Lead Settlement Class Counsel and Liaison Settlement Class Counsel; (4) directing dissemination of notice of the Settlement to the members of the Class to provide them with the opportunity to opt out and to object to the Settlement; and (5) setting a schedule for final approval of the Settlement, the terms of the which are set forth in the Settlement Agreement between DPPs and Jui Li.

The Court, having duly considered the written submissions and oral argument of counsel, the factual record, and all files and proceedings,

**HEREBY ORDERS:**

1.      DPPs' motion is GRANTED.

### Certification of Settlement Class

2.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies the following class for the purposes of settlement only (the "Settlement Class"):

> All persons and entities in the United States, and its territories and possessions, that purchased Aftermarket Automotive Sheet Metal Products[1] directly from any of the Defendants between January 1, 2003 and May 14, 2015. Excluded from this definition are Defendants[2] and their parents, subsidiaries, and affiliates; all governmental entities; and any judicial officer presiding over the Action and the members of his/her immediate family and judicial staff.[3]

Also excluded from the class are any putative class members who exclude themselves by filing a timely, valid request for exclusion.

3.      The Court finds, for the purposes of settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of class members is so numerous that joinder of all members of the class is impracticable; (b) there are questions of law and fact common to each member of the class; (c) the claims of DPPs are typical of the claims of the class they represent; (d) DPPs will fairly and adequately represent the interests of the class; (e) the questions of law and fact common to the members of the class predominate over any questions affecting only individual

---

[1] "Aftermarket Automotive Sheet Metal Products" is defined as "any and all directly purchased aftermarket automotive products comprised of any kind of sheet metal manufactured by companies other than original equipment manufacturers, including but not limited to such products as hoods, doors, bumpers, fenders, bonnets, floor panels, trunk assemblies, trunk lids, tailgates, roof panels, and reinforcement parts." Declaration of Jason S. Hartley Ex. A, Settlement Agreement ¶ 1.

[2] "Defendants" for purposes of the Settlement and Settlement Class definition mean, "each and all parties named as Defendants in the Second Amended Class Action Complaint filed August 3, 2011, as amended to add Tong Yang Industry Co. Ltd. as successor-in-interest to Taiwan Kai Yih Industrial Co. Ltd." *Id.* ¶ 3.

[3] This definition encompasses all members of the litigation class certified by the Court on June 24, 2016 (ECF No. 910).

members of the class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Fond du Lac Bumper Exchange, Inc. and Roberts Wholesale Body Parts, Inc. are appointed as the Settlement Class Representatives.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court appoints Vincent J. Esades of Heins Mills & Olson, P.L.C. and Jason S. Hartley of Stueve Siegel Hanson, LLP as Settlement Class Counsel and K. Scott Wagner of Kerkman Wagner & Dunn, S.C. as Liaison Settlement Class Counsel.

## Preliminary Settlement Approval

6. The Court finds that the DPPs and the Settling Defendant, through counsel, have entered into a Settlement Agreement following good faith, arm's length negotiations. These settlement negotiations included two mediations.

7. The Court finds that the Settlement is within the range of possible approval sufficient to justify disseminating notice of the Settlement to the members of the Settlement Class and the holding of a hearing to determine whether the Court should grant final approval of the Settlement as fair, reasonable, and adequate.

8. The Court further finds that Co-Lead Counsel have conducted a thorough examination, investigation, and valuation of the relevant law, facts, and allegations and have engaged in sufficient discovery to assess the merits of the claims, liability, and defenses in this action, including briefing and Court decisions on class certification and summary judgment.

9. The Court approves the forms of the Notice of proposed class action settlement attached to the Declaration of Carla A. Peak ("Peak Decl.") at Exhibit 2 (Long-Form Notice and

Summary/Publication Notice). The Court further finds that the mailing and publication of the Notice in the manner set forth below and in the Peak Declaration is the best notice practicable under the circumstances; is valid, due and sufficient notice to all Settlement Class Members; and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States. The Court further finds that the forms of Notice are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class Members.

10. The firm of Kurtzman Carson Consultants, LLC ("KCC") (the "Settlement Administrator") is hereby appointed to supervise and administer the notice and claims procedure as more fully set forth below.

11. The Settlement Administrator shall administer notice as follows:

(1) A Detailed Notice will be sent to a list of known direct purchaser Class Members previously provided by the parties. Prior to the mailing, the addresses will be checked against the National Change of Address (NCOA) database maintained by the Unites States Postal Service (USPS); certified via the Coding Accuracy Support System (CASS); and verified through Delivery Point Validation (DPV). Notices returned as undeliverable will be re-mailed to any address available through postal service information.

(2) Publication notice will be used to supplement and enhance the direct notice effort. Specifically, the Summary Notice will appear once in the selected trade publications, *Aftermarket Business World* and *Parts & People*.

(3) Internet Notice shall be used to further supplement the notice program through banner advertising. Internet banners will be placed on Aftermarket Business World's website, www.searchautoparts.com, and on Parts & People's website, www.partsandpeople.com, and in its e-newsletter distributed to subscribers. Banners will also be placed on www.aftermarketnews.com.

(4) The Claims Administrator will distribute an informational press release over PR Newswire to media outlets, including newspapers, magazines, national wire services, television and radio broadcast media, and web publications throughout the United States. The press release shall also be distributed to Automotive Industry and Automotive Repair micro lists.

(5) The Claims Administrator shall also send a copy of the settlement press release to Collisionweek.com and will work with Collisionweek.com to the extent it is interested in publishing the press release or printing a short article about the settlement.

(6) The Claims Administrator shall update the informational website, www.AftermarketSheetMetalSettlement.com, that will allow Class Members to obtain additional information and documents about the settlement.

(7) The Claims Administrator will also update the toll-free telephone number that will allow Class Members to learn more about the Settlement by speaking directly with a live operator.

12. The following procedure and schedule for disseminating the Notice to the Class and for final approval is as follows:

(1) No later than 10 calendar days after the filing of Class Plaintiffs' motion for preliminary approval, the Settling Defendant shall cause notice of the Settlement to be provided to the Attorney General of the United States, and the attorneys general of the states in which any Settlement Class Member resides, in compliance with 28 U.S.C. § 1715(b);

(2) Within 21 calendar days after entry of the Order granting preliminary approval, Notice shall be mailed and posted on the Internet ("Notice Date");

(3) Settlement Class Counsel's petition for attorneys' fees, costs, and expenses shall be filed no later than 14 calendar days prior to the objection deadline;

(4) Settlement Class Members must request exclusion from the class or object to the Settlement or attorneys' fees and costs no later than 30 calendar days after Notice is sent to the Class ("Opt Out/Objection Deadline");

(5) Settling Plaintiffs must provide Settling Defendant and the Court with the list of Class Members who requested exclusion from or objected to the Settlement within 35 calendar days after Notice is sent to the Class ("Notice of Opt-Outs/Objectors");

(6) The motion and all documents in support of final approval shall be filed no later than 35 calendar days after Notice is sent to the Class; and

(7) The final approval hearing shall be set at a time convenient for the Court, but shall be at least 10 court days after the filing of the motion for final approval of the Settlement and in conformity with the timing requirements of 28 U.S.C. 1715(d).

13. Any Settlement Class Member who wishes to object to the terms of Settlement or to Settlement Class Counsel's fee and expense application, shall mail any objection to the Claims Administrator, Settlement Class Counsel, Counsel for the Settling Defendant, and the Court in accordance with the instructions set forth in the Long-Form Notice. *See* Peak Decl. Ex. 2.

14. The Court will hold a hearing ("Final Approval Hearing") on February 16, 2018 at 11:30 a.m. at the United States Courthouse, Eastern District of Wisconsin, Courtroom 390, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin, to determine the fairness, reasonableness, and adequacy of the Settlement and whether the Settlement should be finally approved and judgment entered thereon. The Court will also consider whether to approve Settlement Class Counsel's fee and expense application. The Final Approval Hearing may be continued without further notice to the Settlement Class.

15. Attendance at the Final Approval Hearing is not necessary, but persons who wish to be heard orally in opposition to the approval of the Settlement, the allocation plan, and/or Settlement Class Counsel's request for attorneys' fees and expenses are required to indicate in their written objections their intention to appear at the hearing. Persons who intend to object and desire to present evidence at the hearing must include in their written objections the identity of any witnesses, if any, they intend to call to testify and any exhibits, if any, they intend to introduce into evidence at the hearing. Class Members need not appear at the hearing or take any other action to indicate their approval.

16. Unless otherwise ordered by this Court, any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Order and Final Judgment approving the Settlement, the allocation plan, or Class Counsel's application for an award of attorneys' fees and reimbursement of expenses.

**Continuing Jurisdiction**

17. The Court retains jurisdiction to consider matters relating to the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by Plaintiffs and the Settling Defendant, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

Dated at Milwaukee, Wisconsin, this 21st day of November, 2017.

/s Lynn Adelman
Lynn Adelman
District Judge