# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

Fond Du Lac Bumper Exchange, Inc., and Roberts
Wholesale Body Parts, Inc. on Behalf of Themselves
and Others Similarly Situated,

Case No. 2:09-cv-00852-LA

                Plaintiffs,

   v.

Jui Li Enterprise Company, Ltd., et al.,

                Defendants.

## ORDER
## GRANTING PRELIMINARY APPROVAL
## OF SETTLEMENT WITH AP AUTO PARTS INDUSTRIAL LTD., FORMERLY KNOWN AS AUTO PARTS INDUSTRIAL LTD., AND ITS WHOLLY OWNED SUBSIDIARY, CORNERSTONE AUTO PARTS, LLC

This matter is before the Court on the motion of Direct Purchaser Plaintiffs ("DPPs" or "Plaintiffs") for an order (1) granting preliminary approval of a proposed settlement (the "Settlement") with Defendant AP Auto Parts Industrial Ltd., formerly known as Auto Parts Industrial Ltd.[1], and its wholly owned subsidiary, Cornerstone Auto Parts, LLC (collectively, "API" or "Settling Defendant"); (2) directing dissemination of notice of the Settlement to the members of the Class; and (3) setting a schedule for final approval of the Settlement, the terms of which are set forth in the Settlement Agreement between DPPs and API.

The Court, having duly considered the submissions and argument of counsel, the factual record, and all files and proceedings,

**HEREBY ORDERS:**

1.       DPPs' motion is **GRANTED.**

---

[1] *See* Notice of Change of Party Name (ECF No. 1201).

114952

## Preliminary Settlement Approval

2.      The Court finds that the DPPs and the Settling Defendant, through counsel, have entered into a Settlement Agreement following good faith, arm's length negotiations. These settlement negotiations included two mediations.

3.      The Settlement applies to the certified Class granted on June 24, 2016 which is coextensive with the class set forth in the Settlement Agreement. *Fond Du Lac Bumper Exch., Inc. v. Jui Li Enter. Co., Ltd.,* No. 09-CV-0852, 2016 WL 3579953, at *1 (E.D. Wis. June 24, 2016). *See* Declaration of Jason S. Hartley in Support of Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Settlement with AP Auto Parts Industrial, Ltd. ("Hartley Decl."), Ex. A, Section A. 2.

4.      The Court finds that the Settlement is within the range of possible approval sufficient to justify disseminating notice of the Settlement to the members of the Class and the holding of a hearing to determine whether the Court should grant final approval of the Settlement as fair, reasonable, and adequate.

5.      The Court further finds that Co-Lead Class Counsel have conducted a thorough examination, investigation, and valuation of the relevant law, facts, and allegations and have engaged in sufficient discovery to assess the merits of the claims, liability, and defenses in this action, including briefing and Court decisions on class certification and summary judgment.

6.      The Court approves the forms of the Notice of the Settlement attached to the Declaration of Carla A. Peak Regarding AP Auto Parts Industrial Ltd. Settlement Notice Plan and Notice Documents ("Peak Declaration" or "Peak Decl.") at Exhibit 1.  The Court further finds that the mailing and publication of the form Notice Documents attached to the Peak Declaration is the best notice practicable under the circumstances; is valid, due and sufficient

2

notice to all Class Members; and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States. The Court further finds that the forms of Notice are written in plain language, use simple terminology, and are designed to be readily understandable by Class Members.

7. The firm of Kurtzman Carson Consultants, LLC ("KCC") (the "Settlement Administrator" or "Claims Administrator") is hereby appointed to supervise and administer the notice and claims procedure as more fully set forth below.

8. The Settlement Administrator shall administer notice as follows:

(1) A Detailed Notice will be sent to a list of known direct purchaser Class Members. Prior to the mailing, the addresses will be checked against the National Change of Address (NCOA) database maintained by the Unites States Postal Service (USPS); certified via the Coding Accuracy Support System (CASS); and verified through Delivery Point Validation (DPV). Notices returned as undeliverable will be re-mailed to any address available through postal service information.

(2) Publication notice will be used to supplement and enhance the direct notice effort. Specifically, a Summary Notice will appear once in selected trade publications.

(3) Internet Notice shall be used to further supplement the notice program through banner advertising. A combination of banner advertising and focused media outreach blogs will be used.

(4) The Settlement Administrator will distribute an informational press release over PR Newswire to media outlets, including newspapers, magazines,

national wire services, television and radio broadcast media, and web

publications throughout the United States.  The press release shall also be

distributed to Automotive Industry and Automotive Repair micro lists.

(5)     The Settlement Administrator shall also send a copy of the settlement

press release to Collisionweek.com and will work with Collisionweek.com

to the extent it is interested in publishing the press release or printing a

short article about the settlement.

(6)     The Settlement Administrator shall update the informational website,

www.AftermarketSheetMetalSettlement.com, that will allow Class

Members to obtain additional information and documents about the

settlement.

(7)     The Settlement Administrator will also update the toll-free telephone

number that will allow Class Members to learn more about the Settlement

by speaking directly with a live operator.

9.     The following procedure and schedule for disseminating the Notice to the Class

and for final approval is as follows:

a.     **Notice to Class** – To be given within 21 calendar days of entry of the

Order granting preliminary approval.

b.     **Motion for attorneys' fees and costs (if any)** – To be filed no later than

14 calendar days prior to the objection deadline.

c.     **Deadline for Class Member to object to Settlement or to object to**

**attorneys' fees and costs ("Objection Deadline")** – No later than 30 calendar

days after Notice is sent to the Class.

        d.      **Motion for Final Approval** – To be filed no later 35 calendar days after Notice is sent to the Class.

        e.      **Final fairness hearing** – 10 court days after filing of motion for Final Approval, subject to the Court's availability.

10.     Any Class Member who wishes to object to the terms of Settlement or to Class Counsel's fee and expense application, shall mail any objection to the Settlement Administrator, Co-Lead Class Counsel, Counsel for the Settling Defendant, and the Court in accordance with the instructions set forth in the Notice Documents. *See* Peak Decl. Ex. 1.

11.     The Court will hold a hearing ("Final Approval Hearing") on _____ at _____ at the United States Courthouse, Eastern District of Wisconsin, Courtroom 390, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin, to determine the fairness, reasonableness, and adequacy of the Settlement and whether the Settlement should be finally approved and judgment entered thereon. The Court will also consider whether to approve Class Counsel's fee and expense application. The Final Approval Hearing may be continued without further notice to the Class.

12.     Attendance at the Final Approval Hearing is not necessary, but persons who wish to be heard orally in opposition to the approval of the Settlement, the allocation plan, and/or Class Counsel's request for attorneys' fees and expenses are required to indicate in their written objections their intention to appear at the hearing. Persons who intend to object and desire to present evidence at the hearing must include in their written objections the identity of any witnesses, if any, they intend to call to testify and any exhibits, if any, they intend to introduce into evidence at the hearing. Class Members need not appear at the hearing or take any other action to indicate their approval.

13.     Unless otherwise ordered by this Court, any Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Order and Final Judgment approving the Settlement, the allocation plan, or Class Counsel's application for an award of attorneys' fees and reimbursement of expenses.

## Continuing Jurisdiction

14.     The Court retains jurisdiction to consider matters relating to the Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by Plaintiffs and the Settling Defendant, if appropriate, without further notice to the Class.


**IT IS SO ORDERED.**


Dated:  ___4/26/19____


                                          __s/Lynn Adelman_____
                                          Honorable Lynn Adelman
                                          United States District Judge

6