UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Fond Du Lac Bumper Exchange, Inc., and Roberts Wholesale Body Parts, Inc. on Behalf of Themselves and Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>Jui Li Enterprise Company, Ltd., et al.,<br><br>Defendants. | Case No. 2:09-cv-00852-LA |

**ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' MOTION FOR FINAL APPROVAL OF THE AP AUTO PARTS INDUSTRIAL LTD. SETTLEMENT**

This matter came before the Court on the motion of Direct Purchaser Plaintiffs ("Plaintiffs") for an order (i) granting final approval of settlement with AP Auto Parts Industrial Ltd.") ( "API"); (ii) affirming certification of a Settlement Class and appointment of Vincent J. Esades of Heins Mills & Olson, P.L.C. and Jason S. Hartley of Hartley LLP as Co-Lead Settlement Class Counsel and K. Scott Wagner of Mallery & Zimmerman, S.C. as Liaison Settlement Class Counsel and appointment of Fond du Lac Bumper Exchange, Inc. and Roberts Wholesale Body Parts, Inc., as Class Representatives; and (iii) approving the Plan of Allocation for the Settlement Funds.

The Court, having duly considered the written submissions and oral argument of counsel, the declarations of counsel and the Claims Administrator associated with this motion and the motions for preliminary approval of the API Settlement, and all files and proceedings and any evidentiary submissions, **HEREBY ORDERS AND FINDS:**

1. Plaintiffs' motion is **GRANTED**.

**Settlement Approval**

2. The Court finds that the API Settlement is fair, reasonable, and adequate.

3. The Court further finds that Plaintiffs and API entered into the Settlement Agreement following good faith and arm's length negotiations.

4. The Court further finds that Settlement Class Counsel has conducted a thorough examination, investigation, and valuation of the relevant law, facts, and allegations and has engaged in sufficient discovery to assess the merits of the claims, liability, and defenses in this action.

5. The Court further finds that the Notice Plan, previously approved by the Court (*See* ECF No. 1226) and as executed by the Court-appointed Claims Administrator, KCC, as set forth in the Declaration of Carla A. Peak on Implementation and Overall Adequacy of Settlement Notice Plan ("Peak Declaration") is the best notice practicable under the circumstances; is valid, due and sufficient notice to all Settlement Class Members; and complied fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States. The Court further finds that the forms of Notice (Peak Declaration Exhibits 1 and 2) are written in plain language, use simple terminology, and are designed to be readily understandable and noticeable by Settlement Class Members.

**Certified Class**

6. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court affirms certification of the following Settlement Class:

> All persons and entities in the United States, and its territories and possessions, which purchased Aftermarket Automotive Sheet Metal Products[1] directly from any of the Defendants between January 1, 2003

---

[1] "Aftermarket Automotive Sheet Metal Products" is defined as "any and all directly purchased aftermarket automotive products comprised of any kind of sheet metal manufactured by companies other than original

2

and May 14, 2015[2]. Excluded from this definition are Defendants[3] and their parents, subsidiaries, and affiliates; all governmental entities; and any judicial officer presiding over the Action and the members of his/her immediate family and judicial staff.

Also excluded from the class are any class members who excluded themselves by filing a timely, valid request for exclusion pursuant to the approved Notice Plan.

7.  The Court finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of class members is so numerous that joinder of all members of the class is impracticable; (b) there are questions of law and fact common to each member of the class; (c) the claims of the named plaintiffs are typical of the claims of the class they represent; (d) Plaintiffs and their counsel will fairly and adequately represent the interests of the class; (e) the questions of law and fact common to the members of the class predominate over any questions affecting only individual members of the class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

8.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Fond Du Lac Bumper Exchange, Inc. and Roberts Wholesale Body Parts, Inc. are the Court-appointed Class Representatives.

9.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Vincent J. Esades of Heins Mills & Olson, P.L.C. and Jason S. Hartley of Hartley LLP are Court-appointed Co-Lead Settlement Class Counsel and K. Scott Wagner of Mallery & Zimmerman, S.C. is the Liaison Settlement Class Counsel.

---

equipment manufacturers, including but not limited to such products as hoods, doors, bumpers, fenders, bonnets, floor panels, trunk assemblies, trunk lids, tailgates, roof panels, and reinforcement parts."

[2] June 3, 2019 is the date that Notice of the Settlement was provided to the Class.

[3] "Defendants" for purposes of the Settlement and Settlement Class definition mean, "each and all parties named as defendants in the Second Amended Class Action Complaint filed August 3, 2011, as amended to add Tong Yang Industry Co. Ltd. as successor-in-interest to Taiwan Kai Yih Industrial Co. Ltd."

3

10. The Court further approves the Plan of Allocation, as set forth in the approved Notice and finds it to be fair, reasonable, and adequate.

## Continuing Jurisdiction

11. The Court retains jurisdiction to consider all matters relating to the API Settlement.

12. The Plaintiffs and API shall submit a joint proposed order for final judgment at the appropriate time and in accordance with the terms of the API Settlement Agreement.

**IT IS SO ORDERED.**

Dated: 8/6/19                                             s/Lynn Adelman
                                                          Honorable Lynn Adelman
                                                          United States District Judge