# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Fond Du Lac Bumper Exchange, Inc., and Roberts Wholesale Body Parts, Inc., on Behalf of Themselves and All Others Similarly Situated, | Case No. 2:09-cv-00852-LA |
| Plaintiffs, | |
| v. | Consolidated with: |
| Jui Li Enterprise Company, Ltd., *et al.*, | |
| Defendants. | |
| | |
| Fireman's Fund Insurance Company, on behalf of itself and all others similarly situated, | |
| Plaintiff, | Case No. 2:13-cv-00987-LA |
| v. | |
| Jui Li Enterprise Company, Ltd., *et al.*, | |
| Defendants. | |
| | |
| National Trucking Financial Reclamation Services, LLC, individually and on behalf of itself and all others similarly situated, | |
| Plaintiff, | Case No. 2:14-cv-1061-LA |
| v. | |
| Jui Li Enterprise Company Ltd., *et al.*, | |
| Defendants. | |

## MEMORANDUM IN SUPPORT OF REPRESENTATIVE PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT WITH <u>AP AUTO PARTS INDUSTRIAL, LTD. AND CORNERSTONE AUTO PARTS LLC</u>

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

BACKGROUND ..................................................................................................................2

I.    NATURE OF THE LITIGATION.................................................................................2

II.    PROCEDURAL HISTORY.........................................................................................2

III.    SUMMARY OF THE SETTLEMENT ......................................................................3

    A.  The Settlement Class..................................................................................3

    B.  Settlement Benefits ....................................................................................5

ARGUMENT ......................................................................................................................5

I.    PRELIMINARY APPROVAL OF THE SETTLEMENT IS APPROPRIATE ....................5

    A.  The Strength of Settlement Class Members' Claims
        Compared to the Amount Offered by the Settlement ...................................7

    B.  The Complexity, Time, and Expense of Continued Litigation ......................8

    C.  The Views of Experienced Counsel.............................................................8

    D.  The Stage of Proceedings and the
        Amount of Discovery Completed .................................................................9

II.    CERTIFICATION OF THE SETTLEMENT CLASS .........................................................9

    A.  The Settlement Satisfies the Requirements of Fed. R. Civ. P. 23(a) ............9

III.    CO-LEAD SETTLEMENT CLASS COUNSEL ARE WELL-QUALIFIED
        TO REPRESENT THE INTERESTS OF THE SETTLEMENT CLASS ..........................10

IV.    THE NOTICE PROGRAM SATISFIES ALL APPLICABLE
        REQUIREMENTS.....................................................................................................10

    A.  Contents of the Notice Program.................................................................12

        1.  Opting Out ....................................................................................13

        2.  Objecting.......................................................................................13

i

    B.  Scope of Notice..................................................................................................14

V.     PROPOSED SCHEDULE OF EVENTS...........................................................15

CONCLUSION..................................................................................................................16

# TABLE OF AUTHORITIES

Cases

*Armstrong v. Bd. of Sch. Dirs. of City of Milwaukee*,
  616 F.2d 305 (7th Cir. 1980) ................................................................6

*Bennett v. Behring Corp.*,
  96 F.R.D. 343 (S.D. Fla. 1982),
  *aff'd*, 737 F.2d 982 (11th Cir. 1984) ..................................................11

*Eisen v. Carlisle and Jacquelin*,
  417 U.S. 156 (1974) ..............................................................................11

*Felzen v. Andreas*,
  134 F.3d 873 (7th Cir. 1998) ................................................................6

*In re AT&T Mobility Wireless Data Servs. Sales Litig.*,
  270 F.R.D. 330 (N.D. Ill. 2010) ............................................................7

*In re Austrian and German Bank Holocaust Litig.*,
  80 F. Supp. 2d 164 (S.D.N.Y. 2000) ....................................................8

*In re Sunrise Sec. Litig.*,
  131 F.R.D. 450 (E.D. Pa. 1990) ............................................................8

*Isby v. Bayh*,
  75 F.3d 1191 (7th Cir. 1996) ............................................................6, 9

*Peters v. Nat'l R.R. Passenger Corp.*,
  966 F.2d 1483 (D.C. Cir. 1992) ..........................................................11

*Synfuel Techs., Inc. v. DHL Express (USA), Inc.*,
  463 F.3d 646 (7th Cir. 2006) ................................................................7

*Twigg v. Sears, Roebuck & Co.*,
  153 F.3d 1222 (11th Cir. 1998) ..........................................................11

*Weinberger v. Kendrick*,
  698 F.2d 61 (2d Cir. 1982)....................................................................8

*Weseley v. Spear, Leeds & Kellogg*,
  711 F. Supp. 713 (E.D.N.Y. 1989) ......................................................7

Statutes and Rules

Fed. R. Civ. P. 23(a) ........................................................................9, 10

Case 2:09-cv-00852-LA   Filed 09/23/19   Page 4 of 23   Document 1254

Fed. R. Civ. P. 23(b) ..............................................................................................10, 11

Fed. R. Civ. P. 23(c) ..............................................................................................10, 11

Fed. R. Civ. P. 23(e) ..................................................................................................10

<u>Other Authorities</u>

Federal Judicial Center, *Judges' Class Action Notice and Claims Process*
*Checklist and Plain Language Guide* (2010)...............................................................12

# INTRODUCTION

After years of litigation and months of hard-fought negotiations, Fireman's Fund Insurance Company and National Trucking Financial Reclamation Services, LLC ("Representative Plaintiffs"), individually and on behalf of the Settlement Class (as defined in the Settlement Agreement and stated below),[1] and defendants AP Auto Parts Industrial, Ltd. and Cornerstone Auto Parts, LLC ("Settling Defendant"), entered into a Settlement Agreement (the "Settlement").[2]

In summary, the Settlement provides that: (1) Settling Defendant will pay $50,000 for the benefit of the Settlement Class, with no less than $40,000 being placed into an Escrow Account following payment of a mandatory Taiwanese withholding tax; (2) Settling Defendant will work with Co-Lead Settlement Class Counsel to attempt to recover for the benefit of the Settlement Class all or part of the withholding taxes paid; and (3) in exchange for the above-mentioned benefits, Settlement Class members' claims against Settling Defendant will be released. After payment Administrative Costs/Fees, the funds will be paid to Settlement Class members that submitted timely and valid claim forms.

This is the fourth and final settlement reached in the Indirect Purchasers ("IPPs") matter. On January 14, 2016, the Court granted final approval of settlements with Tong Yang Industry Co.., Ltd. ("Tong Yang"), as successor-in-interest to Taiwan Kai Yih Industrial Co. Ltd., and TYG Products L.P. ("TYG Products") and Gordon Auto Body Parts Co., Ltd. ("Gordon") in the collective amount of $9,200,000. Final Approval Order [Doc. No. 855]. On November 8, 2016,

---

[1] The definitions in the Settlement Agreement are incorporated herein by reference.

[2] A copy of the Settlement is attached as Exhibit A to the Declaration of Michael L. Roberts, filed herewith.

1

the Court granted final approval of settlement with Jui Li Enterprise Company, Ltd. ("Jui Li") in the amount of $650,000.00. Final Approval Order [Doc. No. 978].

As detailed herein, the Settlement readily satisfies the standard of "within the range of possible approval" to justify notifying Class members and setting a Final Fairness Hearing.

## BACKGROUND

### I. NATURE OF THE LITIGATION AND PROCEDURAL HISTORY

Representative Plaintiffs allege that Settling Defendant engaged in a lengthy conspiracy to fix the prices of Aftermarket Automotive Sheet Metal Products[3] sold in the United States and to restrict the output of same. *See* Fireman's Fund's Amended Class Action Complaint (May 5, 2014) [Doc. No. 471], Class Action Complaint, *Nat'l Trucking Fin. Reclamation Servs., LLC v. Jui Li Enterprise Co. Ltd. et al.*, No. 2:14:01061-LA (E.D. Wis. Aug. 29, 2014).[4]

Representative Plaintiffs do not recount for this Court the entire long history of the underlying litigation. The Settlement is a result of arms-length negotiations that took place after Representative Plaintiffs' claims had been tested by multiple motions to dismiss,[5] after the

---

[3] "Aftermarket Automotive Sheet Metal Products" means any and all aftermarket automotive products comprised of any kind of sheet metal, including but not limited to, hoods, doors, bumpers, fenders, bonnets, floor panels, trunk assemblies, trunk lids, tailgates, roof panels, and reinforcement parts. SA ¶ 1. Original equipment manufacturer parts are not aftermarket automotive products and, as such, are not Aftermarket Automotive Sheet Metal Products. *Id.*

[4] On September 12, 2014, the Court transferred National Trucking's claims to this consolidated litigation.

[5] During the courts of the litigation, Defendants moved for dismissal of indirect purchaser claims three (3) separate times. [Doc Nos. 245, 247, 487]. The Court denied two of Defendants' motions to dismiss. *See* Decision and Order (Sept. 5, 2012) [Doc. No. 305][5]; Decision and Order (Jan. 12, 2015) [Doc. No. 533]. Defendants voluntarily withdrew the third motion after an opposition was filed. [Doc. No. 267].

2

parties had engaged in contentious pre-trial proceedings and extensive discovery,[6] and after the parties litigated class certification – on August 8, 2017, the Court granted the Representative Plaintiffs' motion for class certification and certified a nationwide injunctive class and a statewide damages class, *see* Decision and Order. [Doc No. 1088]. On April 15, 2019, Settling Defendant's Motion to Decertify the state classes as to damages was denied. [Doc No. 1219].

On July 16, 2018, the Court granted a Default Judgment against Settling Defendant. Default Order and Decision [Doc No. 1168]; Clerk of Court Entry of Default [Doc No. 1089]. As a result, the parties engaged in multiple briefing and court conferences concerning Settling Defendant's motion to set aside the default.

Following arm's length settlement negotiations with Settling Defendant over the course of several years, the parties reached a settlement and entered into a fully executed Settlement Agreement on September 3, 2019. *See* Roberts Decl. Ex. A.

## II. SUMMARY OF THE SETTLEMENT

### A. The Settlement Class

The parties agree that for purposes of settlement only, the Class certified by the Court on August 8, 2017 should be modified slightly to bring the end of the class period current to the date of execution of the Settlement and to combine nationwide and statewide classes into one class. Under the terms of the Settlement, the Settling Parties agree to certification of the following Settlement Class:

---

[6] That process involved, among other things, Representative Plaintiffs issuing written discovery on Defendants; responding to Defendants' written discovery, including contention interrogatories; serving dozens of third-party subpoenas; reviewing hundreds-of-thousands of documents produced by Defendants and third parties—many of which were in Mandarin Chinese; and participating in 21 depositions—18 of which occurred in Taipei, Taiwan.

3

All third-party payors that indirectly paid or reimbursed others for the purchase of Aftermarket Automotive Sheet Metal Products for end use and not sale or resale, purchased anywhere in the United States between January 1, 2003, through the date notice is presented to the Settlement Class.

SA ¶ 8.[7] Excluded from the Settlement Class are: (a) Defendants and their parents, subsidiaries, and affiliates; (b) all governmental entities; (c) any judicial officer presiding over the Action and the members of his/her immediate family and judicial staff; and (d) those Persons who timely and validly request exclusion from the Settlement Class. *Id.*

The above Settlement Class is coterminous with the Classes certified by this Court. *See* Roberts Decl. Ex. A; Court's Order and Decision [Doc. No. 1088, 11–13].[8] Additionally, the Settlement Class above is essentially the same as the Classes in the previously approved settlement agreements. *See* Tong Yang and TYG Products Settlement Agreement [Doc. No. 666-1, at ¶ 8]; Gordon Settlement Agreement [Doc. No. 728-1, at ¶ 8]; Jui Li Settlement Agreement [Doc. No. 917-1, at ¶ 8].[9]

### B. Settlement Benefits

The Settlement provides that Settling Defendant will pay $50,000.00 for the benefit of the Settlement Class. SA ¶ 30. Under Taiwanese law, a withholding tax of 20% must be paid

---

[7] References to particular paragraphs of the Settlement are prefixed by "SA ¶."

[8] This Settlement Class definition encompasses all members of the Classes certified by the Court, but contains some minor differences. The nationwide injunctive relief Class uses the phrase "aftermarket sheet metal automotive parts" versus the Class Settlement definition, "Aftermarket Automotive Sheet Metal Products." The statewide damages Class contains the timeframe of "January 1, 2003 and September 4, 2009."

[9] All three (3) previous settlement agreements contain the same language, other than the inclusion of the phrase "Representative Plaintiffs" in the Class definition. The Settlement Class definition here does not include the phrase "Representative Plaintiffs." Instead, it only includes the phrase "third-party payors." There are no other differences.

4

before the funds can be deposited into a United States based escrow account. Accordingly, no less than $40,000.00 will be deposited into the United Sates based escrow account. SA ¶ 30.

Settling Defendant will assist Co-Lead Settlement Class Counsel in recovering the withholding taxes paid (estimated to be USD $10,000) to the Taiwanese government on behalf of the Settlement Class, if Co-Lead Settlement pursues a refund. SA ¶ 30. Any refunds of such taxes paid will be deposited into the Escrow Account or such other similar account. *Id.*

All Settlement Class member payments, notice costs, costs of claims administration, and Representative Plaintiff incentive awards shall be paid from the Escrow Account. SA ¶ 32. The costs of notice, claims administration and Representative Plaintiff incentive awards (collectively "Administration Costs/Fees") will be deducted prior to the distribution of the remainder of the Escrow Account.

Representative Plaintiffs will not seek attorneys' fees awards or reimbursement of costs and expenses (including expert witness fees and expenses). SA ¶ 35. Representative Plaintiffs will seek payment of a service award to each Representative Plaintiff in the amount of $1,000.00, subject to approval by the Court. *Id.*

## **ARGUMENT**

## I. **PRELIMINARY APPROVAL OF THE SETTLEMENT IS APPROPRIATE**

"Federal courts naturally favor the settlement of class action litigation." *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996). Indeed, "[i]t is axiomatic that the federal courts look with great favor upon the voluntary resolution of litigation through settlement. In the class action context in particular, there is an overriding public interest in favor of settlement." *Armstrong v. Bd. of Sch. Dirs. of City of Milwaukee*, 616 F.2d 305, 312-13 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998) (quotations omitted). Evaluations of fairness,

reasonableness, and adequacy require that the facts be viewed in a light most favorable to the settlement. *Isby*, 75 F.3d at 1199.

In *Armstrong v. Bd. of Sch. Dirs. Of City of Milwaukee*, the Seventh Circuit detailed the two-step process that district courts use to review class action settlements:

> District court review of a class action settlement proposal is a two-step process. The first step is a preliminary, pre-notification hearing to determine whether the proposed settlement is "within the range of possible approval." This hearing is not a fairness hearing; its purpose, rather, is to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing. If the district court finds a settlement proposal "within the range of possible approval," it then proceeds to the second step in the review process, the fairness hearing. Class members are notified of the proposed settlement and of the fairness hearing at which they and all interested parties have an opportunity to be heard.

616 F.2d at 314 (citations omitted).

When determining whether a settlement is within the range of possible approval, courts look to (1) the strength of plaintiff's case compared to the amount of the defendants' settlement offer; (2) the likely complexity, length, and expense of the litigation; (3) the amount of opposition to the settlement; (4) the opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery completed at the time of the settlement. *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006).

Analysis of these factors supports that the Settlement is well within the required range of possible approval. As such, these factors support preliminary approval of the Settlement.

## A. The Strength of Settlement Class Members' Claims Compared to the Amount Offered by the Settlement

"The most important factor relevant to the fairness of a class action settlement is the first one listed: the strength of the plaintiffs' case on the merits balanced against the amount offered in the settlement." *Synfuel Techs., Inc.*, 463 F.3d at 653 (internal citation and quotes omitted).

6

"Because the essence of settlement is compromise, courts should not reject a settlement solely because it does not provide a complete victory to plaintiffs." *In re AT & T Mobility*, 270 F.R.D. at 330 (citation omitted).

Settling Defendant must pay $50,000 for the benefit of the Settlement, which will result in a no less than $40,000 Settlement Fund after payment of the mandatory Taiwanese withholding tax. SA ¶ 30. Settling Defendant will also assist Co-Lead Settlement Class Counsel in seeking a refund of those taxes paid (estimated to be $10,000) to the Taiwanese government, and any monies recovered as a result of such efforts will be deposited in the Escrow Account or a similar account for the benefit of the Settlement Class. SA ¶ 30.

Although Representative Plaintiffs and Co-Lead Settlement Class Counsel firmly believe the claims asserted in the litigation have merit, they are also cognizant of the risks involved in continuing the litigation against Settling Defendants. Co-Lead Settlement Class Counsel are mindful of the potential challenges of litigating indirect purchaser claims in this international price-fixing conspiracy against Settling Defendants through summary judgment, trial, and appeal. *See, e.g.*, *Weseley v. Spear, Leeds & Kellogg*, 711 F. Supp. 713, 719 (E.D.N.Y. 1989) (antitrust class actions are "notoriously complex, protracted, and bitterly fought"). They are also aware of the potential difficulties that could be encountered in collecting on a judgment entered against Settling Defendant, a Taiwanese corporation in financial distress. A comparison of the strength of Representative Plaintiffs' claims with the amount offered by the Settlement supports preliminary approval of the Settlement.

### B.  The Complexity, Time, and Expense of Continued Litigation

Prosecuting this litigation through trial and appeal would be lengthy and complex, and impose significant costs on all parties. *See, e.g.*, *In re Austrian and German Bank Holocaust*

7

*Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000) (recognizing that "[m]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them").

Continued proceedings would likely include determination of default damages, trial, appeals, and the costs associated with enforcing a judgment against Settling Defendants in Taiwan. The Settlement, in contrast, delivers a real and substantial remedy to the Settlement Class without the risk or delay inherent in prosecuting this matter through trial and appeal. The Settlement further avoids a significant portion of the heavy costs, substantial time commitments by the parties and their counsel, and additional demands on the Court's limited resources. Thus, this factor favors preliminary approval of the Settlement. *See, e.g.*, *Weinberger v. Kendrick,* 698 F.2d 61, 73 (2d Cir. 1982) ("There are weighty justifications, such as the reduction of litigation and related expenses, for the general policy favoring the settlement of litigation."); *In re Sunrise Sec. Litig.,* 131 F.R.D. 450, 455 (E.D. Pa. 1990) (approving a class action settlement because, in part, the settlement "will alleviate . . . the extraordinary complexity, expense and likely duration of this litigation").

### C.  The Views of Experienced Counsel

The opinion of competent counsel is a factor to be considered by the Court in determining whether the settlement is fair, reasonable, and adequate. *Isby*, 75 F.3d at 1200. Co-Lead Settlement Class Counsel have extensive experience litigating complex class actions, including major antitrust matters, and are of the opinion that the Settlement is an excellent one, readily satisfying the standard of within the range of possible approval. This factor weighs in favor of preliminary approval of the Settlement.

8

**D. The Stage of Proceedings and the Amount of Discovery Completed**

Co-Lead Settlement Class Counsel were well-informed of the important facts and relevant legal issues when negotiating the Settlement. The Settling Parties engaged in years of discovery prior to entering into the Settlement. That discovery process involved, among other things, Representative Plaintiffs issuing written discovery on Defendants; responding to Defendants' written discovery, including contentious interrogatories; serving dozens of third-party subpoenas; reviewing hundreds of thousands of documents produced by Defendants and third parties—many of which were in Mandarin Chinese; participating in 21 depositions—18 of which occurred in Taipei, Taiwan; and participating in numerous conversations with counsel for Defendants, third parties, and direct purchaser plaintiffs. This factor favors preliminary approval of the Settlement.

## II. CERTIFICATION OF THE SETTLEMENT CLASS

The Settlement Class should be preliminarily certified. Rule 23(a) sets forth the following prerequisites for certifying a class: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Rule 23(b) requires plaintiffs to establish "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

For the same reasons the Court previously held in its August 8, 2017 Class Certification Order [Doc. No. 1088], the Settlement Class meets the requirement of class certification set forth in Rules 23(a), 23(b)(2), and 23(b)(3).

## III. CO-LEAD SETTLEMENT CLASS COUNSEL ARE WELL-QUALIFIED TO REPRESENT THE INTERESTS OF THE SETTLEMENT CLASS

"An order certifying a class action . . . must also appoint class counsel under Rule 23(g)." Fed. R. Civ. P. 23(c)(1)(B). In appointing class counsel, courts should consider (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action, (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A).

For the same reasons the Court previously held its August 8, 2017 Order [Doc. No. 1088] appointing Ben Barnow, Barnow and Associates, P.C., Michael L. Roberts, Roberts Law Firm, P.A., Peter L. Crema, Cozen O'Connor, Daniel R. Karon, Karon LLC, and Derek G. Howard, Howard Law Firm as class counsel for each certified Class, proposed Co-Lead Settlement Class Counsel meets the requirements set forth in Rule 23(g).

## IV. THE NOTICE PROGRAM SATISFIES ALL APPLICABLE REQUIREMENTS

Pursuant to Rule 23(e)(1)(B), "[t]he court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement . . . ." Fed. R. Civ. P. 23(e)(1)(B). Pursuant to Rule 23(c)(2)(B), "the court must direct to class members the best notice that is practicable under the circumstances." The purpose of notice is to "afford members of the class due process which, in the context of the Rule 23(b)(3) class action, guarantees them the opportunity to be excluded from the class action and not be bound by any subsequent judgment." *Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1486 (D.C. Cir. 1992) (citing *Eisen v.*

10

*Carlisle and Jacquelin*, 417 U.S. 156, 173–74 (1974)). Further, notice must fairly describe the litigation and the proposed settlement and its legal significance. *See, e.g.*, *Twigg v. Sears, Roebuck & Co.*, 153 F.3d 1222, 1227 (11th Cir. 1998) ("[The notice] must also contain an adequate description of the proceedings written in objective, neutral terms, that, insofar as possible, may be understood by the average absentee class member[.]"); *Bennett v. Behring Corp.*, 96 F.R.D. 343, 353 (S.D. Fla. 1982), *aff'd,* 737 F.2d 982 (11th Cir. 1984) ("It is not the function of the settlement notice to fully inform the class of all the details of the settlement, but merely to put class members on notice of the general parameters of the settlement and to inform them of where information as to specifics may be obtained.").

Representative Plaintiffs selected KCC to be the Notice Specialist and Claims Administrator for the Settlement and request that the Court's approval and appointment of KCC as Notice Specialist and Claims Administrator. KCC has significant experience as a class action notice provider and administrator. *See* Declaration of Carla A. Peak on Settlement Notice Plan and Notice Documents ¶¶ 1–2 ("Peak Decl."), attached as Exhibit B to the Declaration of Michael L. Roberts.

The Notice Program includes individual direct notice to those Settlement Class members who filed valid claims on connection with the prior IPP settlements and an informational website dedicated to the Settlement with an easy to remember domain name. Peak Decl. ¶¶ 9–16. The Notice Plan readily satisfies the "best practicable" standard.

**A. Contents of the Notice Program**

The Notice documents were designed to provide information about the proposed settlement, along with clear, concise, easily understood information about Settlement Class members' legal rights. The Notice documents include Postcard Notice and a Detailed Notice

which will be available on the Settlement website. The Notice documents collectively include a fair summary of the Settling Parties' respective litigation positions; the general terms of the Settlement; instructions for how to opt-out of or object to the Settlement; the Settlement website address; and the date, time, and place of the Final Fairness Hearing.

The Notice documents contain information that a reasonable person would consider material in making an informed, intelligent decision of whether to opt out or remain a member of the Settlement Class and be bound by a final judgment. The documents also direct individuals to a convenient location to obtain more detailed information. Altogether, the Notice documents fairly apprise the Settlement Class Members of the terms of the Settlement and the options that are open to them in connection with the Actions.

### 1. Opting Out

Any member of the Settlement Class wishing to opt out of the Settlement Class must individually sign and timely submit to the designated mailing address established by the Claims Administrator written notice clearly manifesting their intent to be excluded from the Settlement Class. To be effective, the written notice must be postmarked no later than 45 days after the first publication of notice under the Notice Program.

### 2. Objecting

A Settlement Class Member desiring to object to the Settlement will be required to submit a timely written notice of their objection, including: (i) the objector's full name, address, and telephone number; (ii) information identifying the objector as a Settlement Class member, including documentary proof that they are a member of the Settlement Class, (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection; (iv) the identity of all counsel representing the objector; (v) the identity of all counsel

representing the objector who may appear at the Final Fairness Hearing; (vi) all other cases in which the objector (directly or through counsel) or the objector's counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement, or has been a named plaintiff in any class action or served as lead plaintiff class counsel, including the case name, court, and docket number for each; (vii) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection; (viii) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; and (ix) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation). To be timely, written notice of an objection in appropriate form must be filed with the Clerk of the United States District Court for the Eastern District of Wisconsin, at the address where filings are accepted by the Clerk, 45 days after first publication of Notice under the Notice Program, and served concurrently therewith upon (a) Michael L. Roberts, Roberts Law Firm, P.A., 20 Rahling Circle, Little Rock, AR 72223, and also on (b) Ronald C. Finley, Beck, Bismonte & Finley LLP, Cityview Plaza, 150 Almaden Blvd., 10th Floor, San Jose, CA 95113, counsel for the Settling Defendant.

## B. Scope of Notice

Notice of the Settlement will be effectuated as prescribed by the Notice Specialist. Postcard Notice, and the Settlement will be posted on the settlement website established in connection with the prior IPP settlements. Peak Decl. ¶¶ 13, 15. The toll-free number will also be updated to allow Settlement Class members to obtain additional information regarding the Settlement. Peak Decl. ¶ 14.

13

The Notice Program provides for Summary Postcard Notice to be sent directly to all Settlement Class Members who previously submitted a valid claim. The information website, www.AfterMarketSheetMetalIndirectPurchaserSettlement.com, established in connection with the settlements with Tong Yang, TYG Products, Gordon, and Jui Li will be updated to allow Settlement Class members to obtain information and view documents relating to the Settlement. Peak Decl. ¶ 13. The website address will be prominently displayed in the Postcard Notice. *See* Peak Decl. ¶ 13. The toll-free number established in connection with the settlements with Tong Yang, TYG Products, Gordon, and Jui Li will also be updated to allow Settlement Class members about more about the Settlement in the form of frequently asked questions. Peak Decl. ¶ 14. The toll-free number will be prominently displayed in the Post Card Notice. *See* Peak Decl. ¶ 14.

The Notice documents and the Notice Program are the best notice practicable under the circumstances, constitute due and sufficient notice to the Settlement Class, and comply with Fed. R. Civ. P. 23 and due process requirements. Therefore, the Notice documents and Notice Program should be approved

## V.    PROPOSED SCHEDULE OF EVENTS

The Proposed Order submitted herewith sets forth the following procedure and schedule for disseminating the Notice to the Settlement Class and final approval of the Settlement:

(1)    **Notice to Settlement Class**. Subject to the advice of the Notice Specialist, Notice shall be given as soon as practicable after entry of the Order granting preliminary approval (SA ¶ 19);

(2)    **Opt Out/Objection Deadline**. The Opt Out/Objection Deadline shall be no later than twenty-eight (28) calendar days prior to the date in the detailed notice for the final fairness hearing  (SA ¶ 19);

14

(3)    **Notice to Settling Defendants of Opt Out/Objection Deadline**. The Claims Administrator or Co-Lead Settlement Class Counsel must provide Settling Defendants with the list of Opt Outs and those who have objected to the Settlement no later than seven (7) calendar days after the Opt Out/Objection (SA ¶ 19);

(4)    **Deadline to File List of Opt Outs**. The list of Opt Outs requesting exclusion from the Settlement Class shall be filed no later than seven (7) calendar days after the Opt Out/Objection Deadline (SA ¶ 19);

(5)    **Motion for Final Approval**. Representative Plaintiffs shall file their Motion for Final Approval of the Settlement no later than fourteen (14) calendar days after the Opt Out/Objection Deadline (SA ¶ 19); and

(6)    **Final Fairness Hearing**. The final fairness hearing shall be set as soon as practicable after the filing of the Motion for Final Approval considering the Notice Plan and the Court's schedule and discretion (SA ¶ 19).

This proposed schedule is consistent with time periods approved by courts in this Circuit. *See, e.g.*, *AT&T Mobility*, 270 F.R.D. at 354.

## <u>CONCLUSION</u>

As the above demonstrates, the Settlement readily meets the standard for preliminary approval. Accordingly, Representative Plaintiffs, individually and on behalf of the Settlement Class, respectfully request that the Court do the following:

(A)    Grant preliminary approval of the Settlement Agreement entered into between the parties;

(B)    Certify the Settlement Class as defined in the Settlement;

(C)    Appoint Fireman's Fund Insurance Company and National Trucking Financial

15

Reclamation Services, LLC, as Representative Plaintiffs;

(D)     Appoint Ben Barnow, Barnow and Associates, P.C., Michael L. Roberts, Roberts Law Firm, P.A., Peter Crema, Cozen O'Connor, Daniel R. Karon, Karon LLC, and Derek G. Howard, Howard Law Firm, as Co-Lead Settlement Class Counsel

(E)     Approve proposed Notice to the Settlement Class and methods for dissemination of Notice as set forth in the Notice Program;

(F)     Appoint Kurtzman Carson Consultants LLC as Notice Specialist and as Claims Administrator;

(G) Approve the proposed Postcard Notice attached as Exhibit 1 to the Declaration of Carla A. Peak on Settlement Notice Plan and Notice Documents;

(H)     Approve a Final Fairness Hearing to consider entry of a final order approving the Settlement and the request for attorneys' fees, costs, expenses, and Representative Plaintiff incentive awards; and

(I)     Enter any such other relief as the Court may deem just and appropriate.


**Dated:**  September 23, 2019

                                   Respectfully submitted,


                                   s/ Michael L. Roberts

                                   Michael L. Roberts
                                   ROBERTS LAW FIRM, P.A.
                                   20 Rahling Circle
                                   P.O. Box 241790
                                   Little Rock, AR 72223
                                   Telephone: (501) 821-5575
                                   Facsimile: (501) 821-4474
                                   Email: mikeroberts@robertslawfirm.us

16

Ben Barnow
Erich P. Schork
BARNOW AND ASSOCIATES, P.C.
205 West Randolph St., Suite 1630
Chicago, IL 60606
Telephone: (312) 621-2000
Facsimile: (312) 641-5504
Email: b.barnow@barnowlaw.com
Email: e.schork@barnowlaw.com

Peter Crema
COZEN O'CONNOR
33 South 6th Street, Suite 3800
Minneapolis, MN 55402
Telephone: (612) 260-9006
Facsimile: (612) 260-9086
Email: pcrema@cozen.com

Daniel R. Karon
KARON LLC
700 W. St. Clair Avenue, Suite 200
Cleveland, OH 44113
Telephone: (216) 622.1851
Facsimile: (216) 241-8175
Email: dkaron@karonllc.com

Derek G. Howard
HOWARD LAW FIRM
42 Miller Avenue
Mill Valley, CA 94941
Telephone: (415) 432-7192
Facsimile: (415) 524-2419
Email: derek@dhowlaw.com

*Proposed Co-Lead Settlement Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2019, I caused a true and correct copy of the foregoing document to be served upon counsel of record via the Court's ECF filing system.

 _/s Michael L. Roberts

Michael L. Roberts
ROBERTS LAW FIRM, P.A.
20 Rahling Circle
P.O. Box 241790
Little Rock, AR 72223
Telephone: (501) 821-5575
Email: mikeroberts@robertslawfirm.us