# SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement" or "Agreement") is made and entered into by and between the following Settling Parties (as defined below) to the *Fond du Lac Bumper Exchange Inc. v. Jui Li Enterprise Co. Ltd., et al.,* 2:09-cv-00852 (E.D. Wis.) consolidated litigation: (i) AP Auto Parts Industrial, Ltd. and Cornerstone Auto Parts LLC (collectively "AP" or "Settling Defendants"), and (ii) Fireman's Fund Insurance Company and National Trucking Financial Reclamation Services, LLC (together, "Representative Plaintiffs"), individually and on behalf of all others similarly situated.

WHEREAS, Representative Plaintiffs, individually and on behalf of the Settlement Class, allege that Settling Defendants participated in an unlawful conspiracy to artificially raise, fix, maintain, or stabilize the price of Aftermarket Automotive Sheet Metal Products (as defined in Paragraph 1 below) and to restrict the output of Aftermarket Automotive Sheet Metal Products in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, and the unjust enrichment and unfair competition and antitrust laws of Arkansas, Arizona, California, Florida, Iowa, Kansas, Massachusetts, Michigan, Minnesota, Nebraska, New Mexico, New York, North Carolina, North Dakota, Oregon, South Dakota, Tennessee, and Wisconsin;

WHEREAS, Co-Lead Settlement Class Counsel conducted an investigation into the facts and the law regarding the claims in the actions entitled *Fireman's Fund Insurance Co. v. Jui Li Enterprise Co., Ltd. et al.,* 2:13-cv-00987 (E.D. Wis.), and *National Trucking Financial Reclamation Services, LLC v. Jui Li Enterprise Co., Ltd. et al.*, 2:14-cv-01061 (E.D. Wis.), and which are consolidated with *Fond du Lac Bumper Exchange Inc. v. Jui Li Enterprise Co. Ltd.*, et al., 2:09-cv-00852 (E.D. Wis.) (the "Action"), and, along with Representative Plaintiffs, believe the claims asserted by Representative Plaintiffs, individually and on behalf of all others similarly

situated and the Settlement Class, have merit. Nonetheless, Representative Plaintiffs and Co-Lead Settlement Class Counsel recognize that there are material litigation risks associated with pursuing those claims and, therefore, have concluded that resolving the claims against Settling Defendants according to the terms set forth below is in the best interest of all others similarly situated and the Settlement Class;

WHEREAS, Settling Defendants believe they are not liable for and have valid defenses to the claims asserted but have nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the releases, orders, and judgment contemplated by this Agreement, and to put to rest with finality all claims that have been or could have been asserted against Settling Defendants, based on the allegations of the Action, as more particularly set out below;

WHEREAS, Settling Defendants and Representative Plaintiffs, through Co-Lead Class Counsel, have negotiated all of the terms and conditions of this Agreement at arm's length and all terms, conditions, and exhibits in their exact form are material and necessary to this Agreement and have been relied upon by the parties in entering into this Agreement;

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is agreed by and among the undersigned that the Action, as defined above, be settled, compromised, and dismissed on the merits with prejudice as to Settling Defendants on the following terms and conditions, and incorporating the preceding clauses:

A.     **Definitions.**

As used in this Agreement, the following terms have the meanings specified below:

1.     "Aftermarket Automotive Sheet Metal Products" means any and all aftermarket automotive products comprised of any kind of sheet metal, including but not limited to hoods, doors, bumpers, fenders, bonnets, floor panels, trunk assemblies, trunk lids, tailgates, roof panels, and reinforcement parts.  Original equipment manufacturer parts are not aftermarket automotive products and, as such, are not Aftermarket Automotive Sheet Metal Products.

2.     "Claims Administration" means the processing of claims received from Settlement Class Members by the Claims Administrator.

3.     "Claims Administrator" means Kurtzman Carson Consultants LLC ("KCC").

4.     "Co-Lead Settlement Class Counsel" means Michael L. Roberts, Roberts Law Firm P.A., 20 Rahling Circle, Little Rock, Arkansas 72223; Ben Barnow, Barnow and Associates, P.C., 205 West Randolph Street, Suite 1630, Chicago, Illinois 60606; Daniel R. Karon, Karon LLC, 700 W. St. Clair Ave., Suite 200, Cleveland, Ohio 44113; Peter L. Crema, Cozen O'Connor, 33 South 6th Street, Suite 3800, Minneapolis, MN 55402; and Derek G. Howard, Howard Law Firm, 42 Miller Avenue, Mill Valley, California 94941.

5.     "Notice Program" means such settlement notice program as is proposed by the Notice Specialist, agreed to by Co-Lead Settlement Class Counsel and approved by the Court.

6.      "Notice Specialist" means KCC, subject to Court approval, or another nationally recognized and experienced class action notice firm selected and recommended by Co-Lead Settlement Class Counsel and approved by the Court.

7.     "Representative Plaintiffs" means Fireman's Fund Insurance Company and National Trucking Financial Reclamation Services, LLC.

8.      "Settlement Class" means all third-party payors that indirectly paid or reimbursed others for the purchase of Aftermarket Automotive Sheet Metal Products for end use and not sale

or resale, purchased anywhere in the United States between January 1, 2003, through the date notice is presented to the Settlement Class. Excluded from the Settlement Class are: (a) Defendants (defined below) and their parents, subsidiaries, and affiliates; (b) all governmental entities; (c) any judicial officer presiding over the Action and the members of his/her immediate family and judicial staff; and (d) those Persons who timely and validly request exclusion from the Settlement Class ("Opt Outs").

9.     "Settlement Class Member" means a person that is a member of the Settlement Class.

10.     "Settling Parties" means Representative Plaintiffs, individually and on behalf of the Settlement Class, and Settling Defendants.

11.     "Defendant" or "Defendants" means, respectively, Jui Li Enterprise Co. Ltd.; AP Auto Parts Industrial, Ltd.; Cornerstone Auto Parts, LLC; Gordon Auto Body Parts Co., Ltd.; Tong Yang Industry Co., Ltd.; Taiwan Kai Yih Industrial Co., Ltd.; and TYG Products, L.P.

12.     "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, unincorporated association, and any business or legal entity, and their respective predecessors, successors, and assignees.

13.      "Releasees" shall refer to Settling Defendants, and to all of Settling Defendants' respective past and present, direct and indirect, parents, subsidiaries, related entities and affiliates; the predecessors, successors and assigns of any of the above; and each and all of the present and former principals, partners, officers, directors, investors, supervisors, employees, representatives, insurers, attorneys, heirs, executors, administrators, and assigns of each of the foregoing. "Releasees" shall not refer to any other Defendant (including their respective past and present,

direct and indirect, parents, subsidiaries, related entities and affiliates) in the action besides Settling Defendants.

14.    "Releasors" shall refer to National Trucking and Fireman's Fund, and the members of the Settlement Class, and to their past and present officers, directors, employees, agents, stockholders, attorneys, servants, representatives, corporate parents, subsidiaries, divisions, related entities, affiliates, corporate partners, insurers and all other persons, partnerships or corporations with whom any of the former have been, or are now, affiliated, and the predecessors, successors, heirs, executives, administrators, and assigns of any of the foregoing.   Co-Lead Settlement Class Counsel and their respective law firms are not Releasors.

15.    The "Settlement Fund" shall refer to the payments to be made by Settling Defendants pursuant to Paragraph 30 of this Agreement, plus all accrued interest thereon.

**B.    Approval of this Agreement and Dismissal of Claims Against Settling Defendants.**

16.    The Settling Parties and their counsel shall use their best efforts to effectuate this Agreement and its purpose, and secure the prompt, complete, and final dismissal with prejudice of the Action as to the Settling Defendants and Releasees, but not as to any party, person, or entity that is not a Releasee.

17.    The Settling Parties agree to the certification of the Settlement Class for settlement purposes only.  If the settlement set forth in this Agreement is not approved by the Court, or if the settlement is terminated or cancelled pursuant to the terms of this Agreement, then this Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Action shall proceed as though the Settlement Class had never been certified, without prejudice to any party's position on the issue of class certification or on any other issue.  The Settling Parties'

agreement to the certification of the Settlement Class is also without prejudice to any position asserted by the Settling Parties in any other proceeding, case, or action.

18.    Within 14 days of the execution of this Agreement, Representative Plaintiffs will file a motion for preliminary approval of this Agreement with the Court and apply for entry of an order (the "Order of Preliminary Approval") in the form attached hereto as Exhibit A, or an order substantially similar, requesting, *inter alia*: (a) certification of the Settlement Class for settlement purposes only, and (b) preliminary approval of this Agreement as set forth herein.

19.    The Motion for Preliminary Approval shall propose the following schedule, subject to modification as required by the Court:

**Notice to the Settlement Class -** To be given as soon as practicable, upon the advice of the Notice Specialist, of entry of the Order granting preliminary approval

**Deadline for Settlement Class Member to request exclusion or to object to the Settlement or to object to the request for attorney's fees, costs, and expenses ("Opt Out/Objection Deadline")** – twenty-eight (28) calendar days prior to the date in the detailed notice for the final fairness hearing.

**Deadline by which Claims Administrator or Co-Lead Settlement Class Counsel must provide Settling Defendants with the list(s) of Opt Outs or those who have objected to the Settlement ("Notice to Settling Defendants of Opt Out/Objection Deadline") -** No later than seven (7) calendar days after the Opt Out/Objection Deadline.

**Deadline to file list of Opt Outs -** No later than seven (7) calendar days after the Opt Out/Objection Deadline.

**Motion for Final Approval -** To be filed no later than fourteen (14) calendar days after the Opt Out/Objection Deadline.

**Final fairness hearing -** as soon as practicable considering the Notice Plan and the Court's schedule and discretion after filing of the Motion for Final Approval.

20.    The Settling Parties shall use their best efforts to meet and achieve the deadlines in Paragraph 19.  If a party cannot meet one of the deadlines in Paragraph 19, it shall give prompt

notice to the other parties. No party shall withhold consent to a reasonable extension, accommodation, or leave of these deadlines.

21. The Settling Parties agree that, subject to Court approval, notice of the Settlement shall be directed to the members of the Settlement Class.[1] All costs of notice and claims administration shall be paid from the Settlement Fund pursuant to a notice and claims administration plan approved by the Court. Settling Defendants shall not be liable for any notice, claims, or administration costs except as provided herein. The motion for approval of the form(s) of notice and method(s) of disseminating notice shall recite and ask the Court to find that the Notice Program developed by the Notice Specialist constitutes valid, due and sufficient notice, constitutes the best notice practicable under the circumstances, and complies fully with the requirements of Federal Rule of Civil Procedure 23 and any other applicable law.

22. The Settling Parties shall jointly seek entry of an order and final judgment, the text of which the Settling Parties shall agree upon. The terms of that order and final judgment will include the substance of the following provisions:

    a.    approving finally this Agreement and its terms as being fair, reasonable, and adequate within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure or other applicable law and directing its consummation according to its terms;

    b.    as to Settling Defendants, that the Action be dismissed with prejudice and, except as provided for in this Agreement, without recovery of attorneys' fees, costs, and expenses from either Releasees or Releasors; and

---

[1] Notice will be provided through the website for the past settlements of Representative Plaintiffs in this litigation, as well as by direct mail to those class members who have submitted valid claims. This will minimize administration costs, and maximize the amount of funds received by class members.

c.    determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that judgment of dismissal as to Settling Defendants be finally entered.

23.    Subject to the provisions of Paragraph 39 below, this Agreement shall become final when: (1) the Court has entered an order granting final approval of this Agreement under Federal Rule of Civil Procedure 23(e) and a final judgment dismissing the Action with prejudice as to Representative Plaintiffs and Settlement Class Members' claims against the Settling Defendant; and (2) the time to appeal or to seek permission to appeal from the Court's approval of this Agreement has expired or, if appealed, approval of this Agreement has been affirmed in its entirety by the Court of last resort to which such appeal has been taken and such affirmance is no longer subject to further appeal or review, or upon the denial of a writ of certiorari to review the order and final judgment. This Agreement shall be deemed executed as of the last date of signature by Settling Defendants or Co-Lead Settlement Class Counsel. Neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. §1651, shall be taken into account in determining the above-stated times. As of the date of execution of this Agreement, the Settling Parties shall be bound by the terms of this Agreement and this Agreement shall not be rescinded or terminated except as set forth in Paragraph 39 of this Agreement.

24.    Neither this Agreement (whether or not it should become final), nor the final judgment, nor any and all negotiations, documents, and discussions associated with such negotiations, shall be deemed or construed to be an admission by, or form the basis of an estoppel by a third party against any of Settling Defendants or Releasees, or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by any of Settling Defendants or Releasees, or of the truth of any of the claims or allegations contained in any complaint or any

other pleading filed by Representative Plaintiffs or any other Settlement Class Member, and evidence thereof shall not be discoverable, or used directly or indirectly, in any way, by Representative Plaintiffs or Co-Lead Settlement Class Counsel whether in the Action or in any other action or proceeding. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any action taken to carry out this Agreement by the Settling Parties shall be referred to, offered into evidence, or received in evidence in any pending or future civil, criminal or administrative action or proceeding, except in a proceeding to enforce this Agreement, or to defend against the assertion of any Released Claims, as defined in Paragraph 25, or as otherwise required by law. Notwithstanding the above, nothing herein shall be construed to require a lawyer to do anything in violation of the canons of ethics or any state's rules of professional conduct.

C.   **Release, Discharge, and Covenant Not to Sue.**

25.    In addition to the effect of any final judgment entered in accordance with this Agreement, upon this Agreement becoming final as set out in Paragraph 23 of this Agreement, and in consideration of payment of the Settlement Fund as specified in Paragraph 30 of this Agreement, and for other valuable consideration, Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not any member of the Settlement Class has objected to this Agreement or makes a claim upon or receives any portion of the Settlement Fund), whether directly, representatively, derivatively or in any other capacity that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have on account of, related to, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected injuries, damages, and the consequences thereof in any way arising out of or relating in any way

to any act or omission of Releasees (or any of them) concerning claims based on the conduct alleged and causes of action asserted, including but not limited to Representative Plaintiffs' class action federal claims under the Sherman Act and state law claims under the laws of Arkansas, Arizona, California, Florida, Iowa, Kansas, Massachusetts, Michigan, Minnesota, Nebraska, New Mexico, New York, North Carolina, North Dakota, Oregon, South Dakota, Tennessee and Wisconsin, or that could have been asserted, in class action complaints filed in the Action by Representative Plaintiffs during the class period including, without limitation, any claims arising under any federal or state antitrust, unjust enrichment, unfair competition, trade practice, statutory or common law, and consumer protection law (to the extent that a consumer protection claim would be based on allegations of an antitrust or unfair competition violation) (the "Released Claims"). Releasors shall not, after the date of this Agreement, seek to establish liability against any Releasee based, in whole or in part, upon any of the Released Claims. The Settling Parties agree that this Agreement, once all its provisions are satisfied for entry of final judgment, may be pleaded as a bar to a lawsuit, and an injunction may be obtained, preventing any action from being initiated or maintained in any case sought to be prosecuted on behalf of Aftermarket Automotive Sheet Metal Products purchasers with respect to the claims released in this Paragraph.

26.    Upon this Agreement becoming final as set out in Paragraph 23 of this Agreement, and in consideration of their release of Releasees and for other valuable consideration, Releasors shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature, whether directly, representatively, derivatively or in any other capacity that Releasees, or each of them, ever had, now has, or hereafter can, shall, or may have on account of, related to, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected injuries,

damages, and the consequences thereof in any way arising out of or relating in any way to any act or omission of Releasors (or any of them) concerning the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims (the "Releasee-Released Claims"). Releasees shall not, after the date of this Agreement, seek to establish liability against any Releasor based, in whole or in part, upon any of the Releasee-Released Claims, or conduct at issue in the Releasee-Released Claims unless this Agreement is not approved or is breached by one or more Releasor.

27.     In addition to the provisions of Paragraphs 24, 25 and 26 of this Agreement, Releasors hereby expressly waive and release, upon this Agreement becoming final, any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code, which states:

> **CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE.**
> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR;**

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code. Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims which are the subject matter of the provisions of this Agreement, but each Releasor hereby expressly waives and fully, finally, and forever settles and releases, upon this Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the subject matter of the provisions of this Agreement,

whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

28.     The release, discharge, and covenant not to sue set forth in this Agreement does not include claims by any of the Releasors other than the Released Claims and does not include other claims, such as those solely arising out of product liability, contract or warranty claims in the ordinary course of business.

29.     To the extent not already provided completely in the course of discovery, Settling Defendants shall provide no later than 14 days after the motion for preliminary approval is filed the last-known complete contact information for any and all members of the Settlement Class within their possession.  To the extent this data already exists in an easily manipulated electronic format, Settling Defendants will produce it in such format.

**D.     <u>Settlement Consideration</u>.**

30.     Subject to the provisions hereof, and in full, complete and final settlement of the Action as provided herein, Settling Defendants will pay USD $50,000.00 which, after applicable Taiwan tax, shall result in a total to an Escrow Account in the United States of no less than USD $40,000.00, to be wired to the United States Escrow Account within 90 days of the Court granting final approval of the settlement. No funds (other than what may be needed for notice to the class and administration or as otherwise provided herein) will be released from the Escrow Account until this Agreement becomes final within the meaning of Paragraph 23.  If this Settlement is not approved, any funds in the Escrow Account shall be returned to Settling Defendants, including any interest that may have accrued, less service and escrow fees and Court-approved expenses, such as notice costs and other costs of administration.  In the event this Settlement is not approved, any money in the Escrow Account that was recovered from the Taiwanese government from the

withholding tax shall be returned to Settling Defendants or, if none has been recovered, Co-Lead Settlement Class Counsel will assist Settling Defendants in getting any amounts still held by the Taiwan government refunded. In the event the Taiwanese government refuses to refund any portion of any tax withholding, Representative Plaintiffs, Settlement Class Members, and Co-Lead Settlement Class Counsel will not be responsible for that money. Settling Defendants shall assist Co-Lead Settlement Class Counsel and work cooperatively with them in Plaintiffs' efforts to obtain a refund of any taxes paid (estimated to be USD $10,000.00) to the Taiwan government on behalf of the Settlement Class, unless Co-Lead Settlement Class Counsel decide after consultation with CPAs, attorneys or other experts learned in Taiwan tax law, and within the sole judgment of Co-Lead Settlement Class Counsel, to not pursue such a refund. Additionally, Settling Defendants shall produce within 14 business days after each payment is wired to the United States Escrow Account documentation to Co-Lead Settlement Class Counsel confirming the payment of any and all taxes or other monies to the Taiwan government on behalf of the Settlement Class. Any refund of taxes paid shall be deposited into the Escrow Account or such other similar account as may be later established.

31. Escrow Account

a. The Escrow Account referenced in Paragraph 30 will be established at a bank to be designated by Co-Lead Settlement Class Counsel or the Claims Administrator, with such bank serving as escrow agent ("Escrow Agent") subject to escrow instructions as agreed by the Settling Parties. Such Escrow Account and any subsequently established escrow accounts are to be administered under the Court's continuing supervision and control.

b.     The Escrow Agent shall cause the funds deposited in the Escrow Account to be invested in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, or money market funds invested substantially in such instruments, and shall reinvest any income from these instruments and the proceeds of these instruments as they mature in similar instruments at their then current market rates. Neither Settling Defendants nor their counsel shall have any liability or responsibility for the investment decisions of the Escrow Agent.

c.     All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement or further order(s) of the Court and the settlement made by this Agreement becomes final and not subject to further appeal, excepting only as to direct disbursements as may be authorized by the Court to the extent provided in Paragraph 31(h).

d.     The Settling Parties agree to treat the Settlement Fund as being at all times one or more "qualified settlement funds" within the meaning of Treas. Reg. § 1.468B-1 and to refrain from taking any action inconsistent with such treatment.

e.     For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent for the Escrow Account and shall promptly take all steps necessary so that the Settlement Fund qualifies as one or more "qualified settlement funds" within the meaning of Treas. Reg. § 1.468B-1. These steps include, without limitation, the following:

(i)      the Escrow Agent shall timely and properly prepare a statement fulfilling the requirements of Treas. Reg. § 1.468B-3(e) on behalf of Settling Defendants; and

(ii)     the Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Consideration (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)(1)).  Such returns (as well as the election described below) shall be consistent with the provisions of Paragraph 31(d).

f.     All United States and State taxes (including but not limited to any tax withholdings, estimated taxes, interest or penalties) arising with respect to the payment of or income earned by the Settlement Fund ("Taxes"), including any taxes, interest, penalties, or other tax detriments that may be imposed upon Settling Defendants, or any other Releasee with respect to (A) any income earned by the Settlement Fund or (B) the receipt of any payment under this Paragraph 31, in each case for any period during which the Settlement Fund does not qualify as one or more "qualified settlement funds" for federal or state income tax purposes ("Tax Detriments"); and expenses and costs incurred in connection with the operation and implementation of Paragraphs 31(d) through 31(f) (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in Paragraph 31(e) ("Tax Expenses"), shall be paid out of the Settlement Fund.

g.     Neither Settling Defendants nor their counsel shall have any liability or responsibility for the Taxes, Tax Detriments, or the Tax Expenses.  Taxes, Tax Detriments, and Tax Expenses shall be timely paid by the Escrow Agent out of the Settlement Fund

without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any claimants authorized by the Court any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes, Tax Detriments, and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)).  Neither Settling Defendants nor any other Releasee is responsible, nor shall have any liability, therefor.  Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of Paragraphs 31(d) through 31(g).  For avoidance of confusion, the Taxes, Tax Detriments, and Tax Expenses referred to in this Paragraph are United States and State taxes, and do not refer to the Taiwan withholding tax or any other Taiwan tax.

h. If this Agreement does not receive final Court approval, or if for any other reason this Agreement terminates, then all amounts paid by Settling Defendants into the Settlement Fund shall be promptly returned to Settling Defendants (consistent with the obligations in Paragraphs 30 and 40) from the Escrow Account(s) by the Escrow Agent along with any interest accrued thereon less only any expenses incurred with prior Court approval for class notice, claims administration, settlement administration, and any other Court-approved expenses incurred by the Settlement Fund.

32. Payment of Expenses

Settling Defendants agree that, subject to Court approval, any costs incurred in providing notice of the Settlement to members of the Settlement Class and in claims administration may be paid from the Settlement Fund, which amounts once paid shall not be recoverable by Settling Defendants in the event that this Settlement does not become final, is lawfully terminated by

Settling Defendants, or is lawfully rescinded by either party. After this Agreement becomes final within the meaning of Paragraph 23, all court-ordered disbursements, including attorneys' fees (if any), costs, and expenses, may be made from the Settlement Fund. Other than as set forth here and in Paragraphs 30–31, neither Settling Defendants, nor any of the other Releasees under this Agreement shall be liable for any of the costs or expenses of the litigation of the Action, including, without limitation, attorneys' fees, fees and expenses of expert witnesses and consultants, and costs and expenses associated with discovery, motion practice, hearings before the Court or any Special Master, appeals, trials or the negotiation of other settlements, or for class administration and costs.

33.     Releasors shall look solely to the Settlement Fund for settlement and satisfaction against Releasees of all Released Claims, and shall have no other recovery against Settling Defendants or any other Releasee.

34.     After this Agreement becomes final within the meaning of Paragraph 23, the Settlement Fund shall be distributed to the members of the Settlement Class in accordance with a plan to be submitted at the appropriate time by Co-Lead Settlement Class Counsel, subject to approval by the Court. Execution of this proposed plan of distribution shall be the responsibility of the duly appointed Claims Administrator, subject to the continuing jurisdiction of the Court over the settlement as provided for in the final order of approval. Settling Defendants shall take no position and shall not file any opposition to, the proposed or actual plan(s) for distribution of the Settlement Fund among the members of the Settlement Class and/or any other person or entity who may assert some claim to the Settlement Fund, except to the extent the terms of any proposed or actual plan of distribution are contrary to the terms of this Agreement. In no event shall Settling Defendants or any other Releasee under this Agreement have any responsibility, financial obligation, or liability whatsoever with respect to the proposed or actual plan of distribution, or

the investment, distribution, or administration of the Settlement Fund, including but not limited to, the costs and expenses of such distribution and administration, with the sole exception of the provisions set forth in Paragraphs 30–31 of this Agreement or as ordered by the Court.

35.     Representative Plaintiffs will not seek attorneys' fees award(s) or reimbursement of costs and expenses (including expert witness fees and expenses). It is contemplated that Representative Plaintiffs will seek payment of a service award to each Representative Plaintiff in the amount of $1,000, subject to approval by the court. Any service awards awarded by the Court shall be payable only from the Settlement Fund.  Settling Defendant shall take no position on any application for representative plaintiff service awards.  After the entry of any order awarding Representative Plaintiff service awards, the Escrow Agent may, pursuant to Paragraph 31, establish and maintain sub-accounts to hold such awards for payment.

36.     The procedure for and the allowance of Representative Plaintiff service awards is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of this Agreement, and any order or proceeding relating to the fee application(s) or any appeal from any such order shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the judgment approving this Agreement.

37.     If any funds remain in the Escrow Account following the above-mentioned payments and distributions, such as uncashed checks after six (6) months from the date of issuance, such funds will be distributed pro rata to Settlement Class members who submitted valid claims, unless such remaining funds are *de minimis* in that they are insufficient to cover the costs of printing and mailing checks and related claims administration costs and to provide for the payment of $5 or more to each Settlement Class member receiving a distribution, in which event such funds shall be distributed to Settlement Class members in connection with the next distribution to the

Settlement Class, such as a distribution relating to a settlement with a Non-Settling Defendant or a judgment in favor of the Settlement Class. However, if such distribution does not occur, after the conclusion of the Actions, Co-Lead Settlement Class Counsel shall petition the Court for leave to contribute such funds to one or more non-profit organizations to be identified at that time dedicated to protecting and preserving competition in the United States.

**E.   Rescission If This Agreement Is Not Approved or Final Judgment Is Not Entered.**

38.   If the Court refuses to approve this Agreement or any material part hereof, or if such approval is materially modified or set aside on appeal, or if the Court does not enter the final judgment provided for in Paragraph 23 of this Agreement, or if the Court enters the final approval of this Settlement and appellate review is sought, and on such review, such final approval is not affirmed in its entirety, then within 30 calendar days thereafter, Settling Defendants, and Representative Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety.  Written notice of the exercise of any such right to rescind shall be made by the rescinding party to counsel for either Representative Plaintiffs and the Settlement Class or Settling Defendants as the case may be within 10 business days of the event triggering the right to rescind.

39.   In the event that this Agreement is rescinded under Paragraph 39, then this Agreement shall be of no force or effect (except as otherwise provided by this Agreement) and any and all amounts of the Settlement Fund remaining in the Escrow Account, including all interest earned on such accounts, but less any amounts owed to the Notice Specialist and the Claims Administrator, shall be returned to Settling Defendants within 10 business days of the written notice of the exercise of the right to rescind less only disbursements made pursuant to Court order in accordance with this Agreement and consistent with the obligations in Paragraph 30 regarding

the Taiwanese tax withholding. The Settling Parties expressly reserve all of their rights if this Agreement does not become final or is rescinded. Further, and in any event, the Settling Parties agree that this Agreement, whether or not it shall become final, and any and all negotiations, documents, and discussions associated with its negotiation or execution, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Settling Defendants or Releasees, or of the truth of any of the claims or allegations contained in the complaints or any other pleadings filed by the Settlement Class in the Action, and evidence of this Agreement shall not be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding.

**F.** **Security**

40. If Settling Defendants have good cause to believe that they shall miss the payment required under Paragraph 30, then they shall provide notice to Co-Lead Settlement Class Counsel no later than 14 days before the payment is due. If Settling Defendants provide such notice, Co-Lead Settlement Class Counsel shall grant Settling Defendants a reasonable extension of the payment due date not to exceed 21 days. If Settling Defendants miss the payment due under Paragraph 30, Co-Lead Settlement Counsel shall give prompt notice to Settling Defendants, who shall have 5 business days to cure the omission. Settling Defendants shall not be entitled to a dismissal with prejudice from the Action until the payment is made as provided for under Paragraph 30, and until then shall be subject to the continued litigation if the payment is not timely made.

41. Five calendar days after the Opt Out/Objection Deadline, the Claims Administrator shall provide to Co-Lead Settlement Class Counsel and Settling Defendants copies of all requests for exclusion from the Settlement Class that have been received. In the event that members of the

Settlement Class representing more than 20% of the total dollar amount of claim submissions for purchases of Aftermarket Automotive Sheet Metal Products attributable to Settling Defendants during the certified Class Period (January 1, 2003-September 4, 2009) request exclusion from the Settlement Class, Settling Defendants may elect to terminate this Agreement by giving written notice thereof within 14 calendar days following the Notice to Settling Defendants of Opt Outs/Objectors Deadline. Releasees, as defined herein, shall not solicit, approach, convince, agree, suggest, or mention in any way to any Settlement Class Member that the Settlement Class Member should opt out or in any way separately resolve its claim outside of the Class defined in this Agreement. With respect to any Settlement Class Member who chooses to request exclusion from the Settlement Class, the Settling Defendants reserve and expressly assert all of their legal rights and defenses to any claims or allegations asserted by them.

42.     In the event this Agreement becomes null and void for any reason, the Settling Defendants shall have the absolute right to contest, defend, and argue against the certification of any class whatsoever in the Action.

**G.     Miscellaneous.**

43.     This Agreement shall be construed and interpreted to effectuate the intent of the Settling Parties, which is to provide, through this Agreement, for a complete resolution, as provided in this Agreement, and release of the Released Claims with respect to each Releasee as provided in this Agreement.

44.     The Settling Parties:  (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement, and any applicable requirements under the Class Action Fairness Act of 2005, and to exercise their best efforts to accomplish the terms and

conditions of this Agreement. Settling Defendants shall comply with the obligation to give notice under CAFA, 28 U.S.C. § 1715, in connection with the proposed settlement.

45. The Parties to this Agreement contemplate and agree that, prior to final approval of the settlement as provided for in Paragraph 23 of this Agreement, appropriate notice will be given to the members of the Settlement Class: (1) of this Settlement; (2) of a hearing at which the Court will consider the final approval of this Agreement; and (3) that the members of the Settlement Class may be permitted to object to the Settlement.

46. This Agreement does not settle or compromise any claim by Representative Plaintiffs against any Defendant or alleged co-conspirator other than Settling Defendants and the other Releasees. That said, Settling Defendants are the last remaining Defendants, and this settlement terminates all remaining claims in this litigation.

47. Neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement, is or may be deemed to be or may be used as an admission of, or evidence of, (i) the validity of any claim or defense; or (ii) the appropriateness or inappropriateness of any class or other representational capacity whether contemporaneously with this Agreement or at any time in the future.

48. Except as otherwise set forth herein, this Agreement shall not affect whatever rights the Releasors or any of them may have (i) to participate in or benefit from any relief or recovery as part of a judgment or settlement in this Action against any other party named as a Defendant (other than Settling Defendants, or any other Releasee).

49. The United States District Court for the Eastern District of Wisconsin shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating

to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by the Settling Parties. This Agreement shall be construed according to the laws of the State of California without regard to its choice of law or conflict of laws principles.

50.     This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties. Without limiting the generality of the foregoing, each and every covenant and agreement made herein by the Settlement Class shall be binding upon all members of the Settlement Class and Releasors. The Releasees (other than Settling Defendants which are parties hereto) are third party beneficiaries of this Agreement and are authorized to enforce its terms applicable to them.

51.     This Agreement may be executed in counterparts by the Settling Parties and a facsimile or pdf email signature shall be deemed an original signature for purposes of executing this Agreement.

52.     Neither Representative Plaintiffs nor Settling Defendants shall be considered to be the drafters of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafters of this Agreement.

53.     The descriptive headings of any Paragraphs or sections of this Agreement are inserted for convenience only and do not constitute a part of this Agreement.

54.     Where this Agreement requires either party to provide notice or any other communication or document to the other, such notice shall be in writing, and such notice, communication, or document shall be provided by facsimile, email, or letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

55.     The Settling Parties and their counsel agree to do anything reasonably necessary to effectuate the performance of, and uphold the validity and enforceability of, this Agreement.

56.     This Agreement represents the entire agreement of the parties and supersedes all previous understandings and agreements between the parties, whether oral or written, including but not limited to, any previously executed Term Sheet.

57.     Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement on behalf of the Settling Parties he or she represents, subject to Court approval.

Approved:

By:  _____Jack Hsieh_____          Date: __9.23.2019__
     AP Auto Parts Industrial, Ltd.

By:  _____Jack Hsieh_____          Date: __9.23 2019.__
     Cornerstone Auto Parts LLC

By: _Michael L. Roberts_ (signature)          Date: 9-20-19

Michael L. Roberts, Proposed Settlement Class Counsel


By: _____          Date: _____

Ben Barnow, Proposed Settlement Class Counsel


By: _____          Date: _____

Derek G. Howard, Proposed Settlement Class Counsel


By: _____          Date: _____

Daniel R. Karon, Proposed Settlement Class Counsel


By: _____          Date: _____

Peter L. Crema, Proposed Settlement Class Counsel

By: _____     Date: _____
    Michael L. Roberts, Proposed Settlement Class Counsel

By: _____     Date: 9/23/19 _____
    Ben Barnow, Proposed Settlement Class Counsel


By: _____     Date: _____
    Derek G. Howard, Proposed Settlement Class Counsel



By: _____     Date: _____
    Daniel R. Karon, Proposed Settlement Class Counsel



By: _____     Date: _____
    Peter L. Crema, Proposed Settlement Class Counsel

By: _____  Date: _____
  Michael L. Roberts, Proposed Settlement Class Counsel


By: _____  Date: _____
  Ben Barnow, Proposed Settlement Class Counsel


By: _____  Date: 9/22/19
  Derek G. Howard, Proposed Settlement Class Counsel


By: _____  Date: _____
  Daniel R. Karon, Proposed Settlement Class Counsel


By: _____  Date: _____
  Peter L. Crema, Proposed Settlement Class Counsel

By: _____     Date: _____
       Michael L. Roberts, Proposed Settlement Class Counsel


By: _____     Date: _____
       Ben Barnow, Proposed Settlement Class Counsel


By: _____     Date: _____
       Derek G. Howard, Proposed Settlement Class Counsel


By: _____     Date: _9/27/19_____
       Daniel R. Karon, Proposed Settlement Class Counsel


By: _____     Date: _____
       Peter L. Crema, Proposed Settlement Class Counsel

By: _____     Date: _____
    Michael L. Roberts, Proposed Settlement Class Counsel


By: _____     Date: _____
    Ben Barnow, Proposed Settlement Class Counsel


By: _____     Date: _____
    Derek G. Howard, Proposed Settlement Class Counsel


By: _____     Date: _____
    Daniel R. Karon, Proposed Settlement Class Counsel


By: _____     Date: 9/25/19
    Peter L. Crema, Proposed Settlement Class Counsel

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Fond Du Lac Bumper Exchange, Inc., and Roberts Wholesale Body Parts, Inc. on Behalf of Themselves and Others Similarly Situated, | Case No. 2:09-cv-00852-LA |
| Plaintiffs, | |
| v. | Consolidated with: |
| Jui Li Enterprise Company, Ltd., *et al.*, | |
| Defendants. | |
| Fireman's Fund Insurance Company, on behalf of itself and all others similarly situated, | Case No. 2:13-cv-00987-LA |
| Plaintiff, | |
| v. | |
| Jui Li Enterprise Company, Ltd., *et al.*, | |
| Defendants. | |
| National Trucking Financial Reclamation Services, LLC, individually and on behalf of itself and all others similarly situated, | Case No. 2:14-cv-1061-LA |
| Plaintiff, | |
| v. | |
| Jui Li Enterprise Company Ltd., *et al.*, | |
| Defendants. | |

## [PROPOSED] ORDER GRANTING REPRESENTATIVE PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTAGREEMENT WITH AP AUTO PARTS INDUSTRIAL, LTD. AND CORNERSTONE AUTO PARTS LLC

Before the Court is a Motion by Fireman's Fund Insurance Company and National Trucking Financial Reclamation Services, LLC (together, "Representative Plaintiffs"), requesting that the Court enter an Order: (1) granting preliminary approval of the Settlement Agreement with AP Auto Parts Industrial, Ltd. and Cornerstone Auto Parts LLC; (2) certifying the Settlement Class as defined in the Settlement; (3) appointing Fireman's Fund Insurance Company and National Trucking Financial Reclamation Services, LLC, as Representative Plaintiffs; (4) appointing Ben Barnow, Barnow and Associates, P.C., Michael L. Roberts, Roberts Law Firm, P.A., Peter Crema, Cozen O'Connor, Daniel R. Karon, Karon LLC, and Derek G. Howard, Howard Law Firm, as Co-Lead Settlement Class Counsel; (5) approving the proposed Notice to the Settlement Class and the methods for dissemination of Notice set forth in the Notice Program;[1] (6) appointing Kurtzman Carson Consultants LLC ("KCC") as Notice Specialist and Claims Administrator; and (7); approving the proposed Postcard Notice attached as Exhibit 1 to the Declaration of Carla A. Peak; and (8) scheduling a Final Fairness Hearing to consider entry of a final order approving the Settlement and the request for Representative Plaintiff incentive awards.

Having reviewed and considered the Settlement, the motion for preliminary approval of the Settlement and the supporting memorandum, the Court makes the following findings and grants the relief set forth below, preliminarily approving the Settlement contained in the Settlement Agreement upon the terms and conditions set forth in this Order. Terms and phrases in this Order shall have the same meaning as defined in the Settlement Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.      Representative Plaintiffs' motion is **GRANTED.**

---

[1] The Notice Program is set forth in the Declaration of Carla A. Peak on Settlement Notice Plan and Notice Documents, which is attached as Exhibit B to the Declaration of Michael L. Roberts.

1

2.     Pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), the Court certifies the following class for purposes of settlement only (the "Settlement Class"):

> All third-party payors that indirectly paid or reimbursed others for the purchase of Aftermarket Automotive Sheet Metal Products for end use and not sale or resale, purchased anywhere in the United States between January 1, 2003, through the date notice is presented to the Settlement Class. Excluded from the Settlement Class are: (a) Defendants and their parents, subsidiaries, and affiliates; (b) all governmental entities; (c) any judicial officer presiding over the Action and the members of his/her immediate family and judicial staff; and (d) those Persons who timely and validly request exclusion from the Settlement Class. *Id.*
>
> "Defendants" means, respectively, Jui Li Enterprise Co. Ltd.; Auto Parts Industrial, Ltd.; Cornerstone Auto Parts, LLC; Gordon Auto Body Parts Co., Ltd.; Tong Yang Industry Co., Ltd.; Taiwan Kai Yih Industrial Co., Ltd. and TYG Products, L.P.

3.     The Court finds, for the purposes of settlement only, that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that: (a) the number of Settlement Class members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to each member of the Settlement Class; (c) the claims of Representative Plaintiffs are typical of the claims of the Settlement Class; (d) Representative Plaintiffs will fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.     Fireman's Fund Insurance Company and National Trucking Financial Reclamation Services, LLC, are appointed as representatives of the Settlement Class.

5.     Michael L. Roberts, Roberts Law Firm, P.A., Ben Barnow, Barnow and Associates, P.C., Daniel R. Karon, Karon LLC, Peter Crema, Cozen O'Connor, and Derek G.

Howard, Howard Law Firm, are appointed Co-Lead Settlement Class Counsel.

6.      The Court appoints Kurtzman Carson Consultants LLC, as Notice Specialist and Claims Administrator.

<u>**Preliminary Approval of the Settlement**</u>

7.      The Court finds that Representative Plaintiffs and Settling Defendants, through counsel, entered into the Settlement following good faith, arm's length negotiations, and the assistance of a mediator.

8.      The Court finds that the Settlement is within the range of possible approval sufficient to justify disseminating notice of the Settlement to members of the Settlement Class and the holding of a hearing to determine whether the Court should grant final approval of the Settlement as fair, reasonable, and adequate.

9.      The Court further finds that Co-Lead Settlement Class Counsel conducted a thorough examination, investigation, and valuation of the relevant law, facts, and allegations, and has engaged in sufficient discovery to assess the merits of the claims, liability, and defenses in this Action.

<u>**Allocation of the Settlement Fund**</u>

10.      The Settlement Fund shall be allocated as follows:

(A)      The costs of notice, claims administration, and incentive awards (collectively "Administration Costs/Fees"), as awarded by the Court, shall be deducted prior to the distribution of the remainder of the Escrow Account.

(B)      After deduction of Administration Costs/Fees from the Escrow Account, and after the Settlement Agreement becomes finals within the meaning of Paragraph 23 of the Settlement Agreement, the distribution of the remainder of the Escrow Account to the members

3

of the Settlement Class shall be in accordance with a plan to be submitted at the appropriate time by Co-Lead Settlement Class Counsel, subject to approval by the Court.

## Notice of Settlement Agreement to the Settlement Class

11. The Court approves the Notice Program set forth in the Declaration of Carla A. Peak. The Court approves as to form and content the Postcard Notice in the form attached as Exhibit 1 to the Declaration of Carla A. Peak. The Court further finds that the mailing and publication of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances; is valid, due and sufficient notice to all Settlement Class members; and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States. The Court further finds that the forms of Notice are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class members.

12. The schedule and procedure for disseminating the Notice to the Settlement Class and for final approval of the Settlement is as follows:

(A) **Notice to the Settlement Class**. Subject to the advice of the Notice Specialist, Notice shall be given as soon as practicable after entry of the Order granting preliminary approval (SA ¶ 19);

(B) **Opt Out/Objection Deadline**. The Opt Out/Objection Deadline shall be no later than twenty-eight (28) calendar days prior to the date for the final fairness hearing (SA ¶ 19);

(C) **Notice to Settling Defendants of Opt Out/Objection Deadline**. The Claims Administrator or Co-Lead Settlement Class Counsel must provide Settling Defendants

4

with the list of Opt Outs and those who have objected to the Settlement no later than seven (7) calendar days after the Opt Out/Objection (SA ¶ 19);

        (D)    **Deadline to File List of Opt Outs**. The list of Opt Outs requesting exclusion from the Settlement Class shall be filed no later than seven (7) calendar days after the Opt Out/Objection Deadline (SA ¶ 19);

        (E)    **Motion for Final Approval**. Representative Plaintiffs shall file their Motion for Final Approval of the Settlement no later than fourteen (14) calendar days after the Opt Out/Objection Deadline (SA ¶ 19); and

        (F)    **Final Fairness Hearing**. The final fairness hearing shall be set as soon as practicable after the filing of the Motion for Final Approval considering the Notice Plan and the Court's schedule and discretion (SA ¶ 19).

    13.    Each Person wishing to opt out of the Settlement Class shall individually sign (or, if the Person opting out is less than 18 years of age, by the signature of a parent, legal guardian or other legal representative) and timely mail a written notice of such intent to a designated Post Office Box established by the Claims Administrator, as set forth in the Notice. The written notice must clearly manifest an intent to be excluded from the Settlement Class. To be effective, written notice must be postmarked no later than the Opt Out/Objection Deadline.

    14.    To object to the Settlement, a Settlement Class member must timely submit written notice of the objection stating: (i) the objector's full name, address, and telephone number; (ii) information identifying the objector as a Settlement Class member, including documentary proof that they are a member of the Settlement Class, (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection; (iv) the identity of all counsel representing the objector; (v) the identity of all counsel representing the objector who

5

may appear at the Final Fairness Hearing; (vi) all other cases in which the objector (directly or through counsel) or the objector's counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement, or has been a named plaintiff in any class action or served as lead plaintiff class counsel, including the case name, court, and docket number for each; (vii) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection; (viii) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; and (ix) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation). To be timely, written notice of an objection in appropriate form must be filed with the Clerk of the United States District Court for the Eastern District of Wisconsin, at the address where filings are accepted by the Clerk, no later than 45 days after first publication Notice, and served concurrently therewith upon (a) Michael L. Roberts, Roberts Law Firm, P.A., 20 Rahling Circle, Little Rock, AR 72223, and also on (b) Ronald C. Finley, Beck Bismonte Finley LLP, Cityview Plaza, 150 Almaden Blvd., 10th Floor, San Jose, California 95113, counsel for the Settling Defendants.

15. Unless otherwise ordered by the Court, any Settlement Class member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Order and Final Judgment approving the Settlement, the allocation plan, or Co-Lead Settlement Class Counsel's application for an award of attorneys' fees, costs, expenses, and incentive awards.

16. All persons falling within the definition of the Settlement Class who do not timely and validly request to be excluded from the Settlement Class shall be bound by the terms of the

6

Settlement and all orders entered by the Court in connection with the Settlement. All persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall neither receive any benefits nor be bound by the terms of the Settlement.

17.     The Court will hold a hearing ("Final Fairness Hearing") on _____ 2019 at _____ a.m. at the United States Courthouse, Eastern District of Wisconsin, Courtroom 390, to determine: (a) whether the Settlement is fair, reasonable, and adequate; and (b) whether, and in what amount, Representative Plaintiff incentive awards should be awarded. The Final Fairness Hearing may be continued without further notice to the Settlement Class.

## **Continuing Jurisdiction**

18.     The Court retains jurisdiction to consider all matters relating to the Settlement.

**IT IS SO ORDERED.**

**Dated:** _____          _____
                                          Honorable Lynn Adelman
                                          United States District Judge