UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Fond Du Lac Bumper Exchange, Inc., and Roberts Wholesale Body Parts, Inc. on Behalf of Themselves and Others Similarly Situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>Jui Li Enterprise Company, Ltd., *et al.*,<br><br>    Defendants. | Case No. 2:09-cv-00852-LA<br><br>Consolidated with: |
| Fireman's Fund Insurance Company, on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>Jui Li Enterprise Company, Ltd., *et al.*,<br><br>    Defendants. | Case No. 2:13-cv-00987-LA |
| National Trucking Financial Reclamation Services, LLC, individually and on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>Jui Li Enterprise Company Ltd., *et al.*,<br><br>    Defendants. | Case No. 2:14-cv-1061-LA |

**ORDER GRANTING REPRESENTATIVE PLAINTIFFS'
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENTAGREEMENT WITH AP AUTO PARTS
<u>INDUSTRIAL, LTD. AND CORNERSTONE AUTO PARTS LLC</u>**

Before the Court is a Motion by Fireman's Fund Insurance Company and National Trucking Financial Reclamation Services, LLC (together, "Representative Plaintiffs"), requesting that the Court enter an Order: (1) granting preliminary approval of the Settlement Agreement with AP Auto Parts Industrial, Ltd. and Cornerstone Auto Parts LLC; (2) certifying the Settlement Class as defined in the Settlement; (3) appointing Fireman's Fund Insurance Company and National Trucking Financial Reclamation Services, LLC, as Representative Plaintiffs; (4) appointing Ben Barnow, Barnow and Associates, P.C., Michael L. Roberts, Roberts Law Firm, P.A., Peter Crema, Cozen O'Connor, Daniel R. Karon, Karon LLC, and Derek G. Howard, Howard Law Firm, as Co-Lead Settlement Class Counsel; (5) approving the proposed Notice to the Settlement Class and the methods for dissemination of Notice set forth in the Notice Program;[1] (6) appointing Kurtzman Carson Consultants LLC ("KCC") as Notice Specialist and Claims Administrator; and (7); approving the proposed Postcard Notice attached as Exhibit 1 to the Declaration of Carla A. Peak; and (8) scheduling a Final Fairness Hearing to consider entry of a final order approving the Settlement and the request for Representative Plaintiff incentive awards.

Having reviewed and considered the Settlement, the motion for preliminary approval of the Settlement and the supporting memorandum, the Court makes the following findings and grants the relief set forth below, preliminarily approving the Settlement contained in the Settlement Agreement upon the terms and conditions set forth in this Order. Terms and phrases in this Order shall have the same meaning as defined in the Settlement Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. Representative Plaintiffs' motion is **GRANTED.**

---

[1] The Notice Program is set forth in the Declaration of Carla A. Peak on Settlement Notice Plan and Notice Documents, which is attached as Exhibit B to the Declaration of Michael L. Roberts.

1

2. Pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), the Court certifies the following class for purposes of settlement only (the "Settlement Class"):

> All third-party payors that indirectly paid or reimbursed others for the purchase of Aftermarket Automotive Sheet Metal Products for end use and not sale or resale, purchased anywhere in the United States between January 1, 2003, through the date notice is presented to the Settlement Class. Excluded from the Settlement Class are: (a) Defendants and their parents, subsidiaries, and affiliates; (b) all governmental entities; (c) any judicial officer presiding over the Action and the members of his/her immediate family and judicial staff; and (d) those Persons who timely and validly request exclusion from the Settlement Class. *Id.*
>
> "Defendants" means, respectively, Jui Li Enterprise Co. Ltd.; Auto Parts Industrial, Ltd.; Cornerstone Auto Parts, LLC; Gordon Auto Body Parts Co., Ltd.; Tong Yang Industry Co., Ltd.; Taiwan Kai Yih Industrial Co., Ltd. and TYG Products, L.P.

3. The Court finds, for the purposes of settlement only, that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that: (a) the number of Settlement Class members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to each member of the Settlement Class; (c) the claims of Representative Plaintiffs are typical of the claims of the Settlement Class; (d) Representative Plaintiffs will fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Fireman's Fund Insurance Company and National Trucking Financial Reclamation Services, LLC, are appointed as representatives of the Settlement Class.

5. Michael L. Roberts, Roberts Law Firm, P.A., Ben Barnow, Barnow and Associates, P.C., Daniel R. Karon, Karon LLC, Peter Crema, Cozen O'Connor, and Derek G. Howard, Howard Law Firm, are appointed Co-Lead Settlement Class Counsel.

6. The Court appoints Kurtzman Carson Consultants LLC, as Notice Specialist and

2

Claims Administrator.

**Preliminary Approval of the Settlement**

7. The Court finds that Representative Plaintiffs and Settling Defendants, through counsel, entered into the Settlement following good faith, arm's length negotiations, and the assistance of a mediator.

8. The Court finds that the Settlement is within the range of possible approval sufficient to justify disseminating notice of the Settlement to members of the Settlement Class and the holding of a hearing to determine whether the Court should grant final approval of the Settlement as fair, reasonable, and adequate.

9. The Court further finds that Co-Lead Settlement Class Counsel conducted a thorough examination, investigation, and valuation of the relevant law, facts, and allegations, and has engaged in sufficient discovery to assess the merits of the claims, liability, and defenses in this Action.

**Allocation of the Settlement Fund**

10. The Settlement Fund shall be allocated as follows:

(A) The costs of notice, claims administration, and incentive awards (collectively "Administration Costs/Fees"), as awarded by the Court, shall be deducted prior to the distribution of the remainder of the Escrow Account.

(B) After deduction of Administration Costs/Fees from the Escrow Account, and after the Settlement Agreement becomes finals within the meaning of Paragraph 23 of the Settlement Agreement, the distribution of the remainder of the Escrow Account to the members of the Settlement Class shall be in accordance with a plan to be submitted at the appropriate time by Co-Lead Settlement Class Counsel, subject to approval by the Court.

## Notice of Settlement Agreement to the Settlement Class

11. The Court approves the Notice Program set forth in the Declaration of Carla A. Peak. The Court approves as to form and content the Postcard Notice in the form attached as Exhibit 1 to the Declaration of Carla A. Peak. The Court further finds that the mailing and publication of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances; is valid, due and sufficient notice to all Settlement Class members; and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States. The Court further finds that the forms of Notice are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class members.

12. The schedule and procedure for disseminating the Notice to the Settlement Class and for final approval of the Settlement is as follows:

   (A) **Notice to the Settlement Class**. Subject to the advice of the Notice Specialist, Notice shall be given as soon as practicable after entry of the Order granting preliminary approval (SA ¶ 19);

   (B) **Opt Out/Objection Deadline**. The Opt Out/Objection Deadline shall be no later than twenty-eight (28) calendar days prior to the date for the final fairness hearing (SA ¶ 19);

   (C) **Notice to Settling Defendants of Opt Out/Objection Deadline**. The Claims Administrator or Co-Lead Settlement Class Counsel must provide Settling Defendants with the list of Opt Outs and those who have objected to the Settlement no later than seven (7) calendar days after the Opt Out/Objection (SA ¶ 19);

(D) **Deadline to File List of Opt Outs**. The list of Opt Outs requesting exclusion from the Settlement Class shall be filed no later than seven (7) calendar days after the Opt Out/Objection Deadline (SA ¶ 19);

(E) **Motion for Final Approval**. Representative Plaintiffs shall file their Motion for Final Approval of the Settlement no later than fourteen (14) calendar days after the Opt Out/Objection Deadline (SA ¶ 19); and

(F) **Final Fairness Hearing**. The final fairness hearing shall be set as soon as practicable after the filing of the Motion for Final Approval considering the Notice Plan and the Court's schedule and discretion (SA ¶ 19).

13. Each Person wishing to opt out of the Settlement Class shall individually sign (or, if the Person opting out is less than 18 years of age, by the signature of a parent, legal guardian or other legal representative) and timely mail a written notice of such intent to a designated Post Office Box established by the Claims Administrator, as set forth in the Notice. The written notice must clearly manifest an intent to be excluded from the Settlement Class. To be effective, written notice must be postmarked no later than the Opt Out/Objection Deadline.

14. To object to the Settlement, a Settlement Class member must timely submit written notice of the objection stating: (i) the objector's full name, address, and telephone number; (ii) information identifying the objector as a Settlement Class member, including documentary proof that they are a member of the Settlement Class, (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection; (iv) the identity of all counsel representing the objector; (v) the identity of all counsel representing the objector who may appear at the Final Fairness Hearing; (vi) all other cases in which the objector (directly or through counsel) or the objector's counsel (on behalf of any person or entity) has filed an objection to any proposed

class action settlement, or has been a named plaintiff in any class action or served as lead plaintiff class counsel, including the case name, court, and docket number for each; (vii) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection; (viii) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; and (ix) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation). To be timely, written notice of an objection in appropriate form must be filed with the Clerk of the United States District Court for the Eastern District of Wisconsin, at the address where filings are accepted by the Clerk, no later than 45 days after first publication Notice, and served concurrently therewith upon (a) Michael L. Roberts, Roberts Law Firm, P.A., 20 Rahling Circle, Little Rock, AR 72223, and also on (b) Ronald C. Finley, Beck Bismonte Finley LLP, Cityview Plaza, 150 Almaden Blvd., 10th Floor, San Jose, California 95113, counsel for the Settling Defendants.

15. Unless otherwise ordered by the Court, any Settlement Class member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Order and Final Judgment approving the Settlement, the allocation plan, or Co-Lead Settlement Class Counsel's application for an award of attorneys' fees, costs, expenses, and incentive awards.

16. All persons falling within the definition of the Settlement Class who do not timely and validly request to be excluded from the Settlement Class shall be bound by the terms of the Settlement and all orders entered by the Court in connection with the Settlement. All persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall

6

Case 2:09-cv-00852-LA   Filed 09/24/19   Page 7 of 8   Document 1256

neither receive any benefits nor be bound by the terms of the Settlement.

17. The Court will hold a hearing ("Final Fairness Hearing") on January 16, 2020 at 11:00 a.m. at the United States Courthouse, Eastern District of Wisconsin, Courtroom 390, to determine: (a) whether the Settlement is fair, reasonable, and adequate; and (b) whether, and in what amount, Representative Plaintiff incentive awards should be awarded. The Final Fairness Hearing may be continued without further notice to the Settlement Class.

### **Continuing Jurisdiction**

18. The Court retains jurisdiction to consider all matters relating to the Settlement.


**IT IS SO ORDERED.**


**Dated:** _9/24/19_____          s/Lynn Adelman_____
                                           Honorable Lynn Adelman
                                           United States District Judge