UNITED STATES DISTRICT COURT
EASTERN DIVISION OF WISCONSIN

| | |
|---|---|
| Fond Du Lac Bumper Exchange, Inc., and Roberts Wholesale Body Parts, Inc. on Behalf of Themselves and Others Similarly Situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>Jui Li Enterprise Company, Ltd., et al.,<br><br>    Defendants. | Case No. 2:09-cv-00852-LA<br><br>Consolidated with: |
| Fireman's Fund Insurance Company, on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>Jui Li Enterprise Company, Ltd., et al.,<br><br>    Defendants. | Case No. 2:13-cv-00987-LA |
| National Trucking Financial Reclamation Services, LLC, individually and on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>Jui Li Enterprise Company Ltd., et al.,<br><br>    Defendants. | Case No. 2:14-cv-1061-LA |

**Order granting Representative Plaintiffs' Motion for Final Approval of Class-Action Settlement with AP Auto Parts Industrial, Ltd. and Cornerstone Auto Parts LLC**

This matter coming before the Court on the motion of Representative Plaintiffs, Fireman's Fund Insurance Company and National Trucking Financial Reclamation Services, LLC ("Representative Plaintiffs"), for an Order granting final approval of the class-action settlement agreement between Representative Plaintiffs and AP Auto Parts Industrial Ltd. and Cornerstone Auto Parts LLC.

Having considered the oral argument and written submissions of counsel, including the Settlement and Representative Plaintiffs' Motion for Final Approval of Class Action Settlement Agreement and supporting Memorandum, the Court makes the following findings and grants the relief set forth below. Except as otherwise indicated herein, terms and phrases in this Order shall have the same meaning as defined in the Settlement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Representative Plaintiffs' motion is GRANTED.

2. The Settlement is fair, reasonable, and adequate, and granted final approval.

3. The form, content, and methods of dissemination of Notice of the Settlement to the Settlement Class was reasonable, adequate, and constitute the best notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient notice of the Settlement, the terms and conditions set forth in the Settlement, and these proceedings to all persons and entities entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process requirements.

4. Representative Plaintiffs and Co-Lead Settlement Class Counsel fairly and adequately represented the interests of Settlement Class members in connection with the Settlement.

5. Representative Plaintiffs, Settling Defendant, and Settlement Class members shall consummate the Settlement in accordance with the terms thereof. The Settlement, and each and

every term and provision thereof, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

6. After the costs of notice, the costs of claims administration, attorneys' fees, costs, and expenses, and incentive award payments ("Administrative Costs/Fees") are paid from the Escrow Account, the funds will be distributed pro rata to Settlement Class members that submitted a timely and valid claim form in connection with Representative Plaintiffs' Court-approved settlement with AP Auto Parts Industrial, Ltd. and Cornerstone Auto Parts LLC (collectively, "Settling Defendant"):

(A) Disbursement. Distribution of the remainder of the account shall occur no later than 14 days after Settling Defendant's final deposit to the Escrow Account. After payment of Administration Costs/Fees: (i) if the aggregate monetary value of all valid claims submitted does not exceed the remainder of funds in the Escrow Account, each Settlement Class member who submitted a valid claim shall receive the total amount claimed and, to the extent additional funds remain in the Escrow Account, such funds shall be distributed on a pro rata basis to all Settlement Class members who submitted a valid claim; (ii) if the aggregate monetary value of all valid claims submitted exceeds the remainder of funds in the Escrow Account, the funds remaining in the Escrow Account shall be distributed to Settlement Class members who submitted valid claims on a pro rata basis. Payments to Settlement Class members shall be made by mailing checks to them at the address stated in their respective claim forms or such other current addresses as the Claims Administrator may become aware of.

(B) Remaining Funds. If any funds remain in the Escrow Account following the above-mentioned payments and distributions, such as uncashed checks after 12 months from the date of issuance, such funds will be distributed pro rata to Settlement Class members who submitted valid claims, unless such remaining funds are *de minimis* in that they are insufficient to cover the costs of printing and mailing checks and related claims administration costs and to provide for the payment

of $5 or more to each Settlement Class member receiving a distribution, in which case such funds shall be distributed to Settlement Class members in connection with the next distribution to the Settlement Class, such as a distribution relating to a settlement with a Non-Settling Defendant or a judgment in favor of the Settlement Class. However, if such distribution does not occur, after the conclusion of the Actions, Co-Lead Settlement Class Counsel shall petition the Court for leave to contribute such funds to one or more non-profit organizations to be identified at that time dedicated to protecting and preserving competition in the United States.

7. The Court retains continuing jurisdiction over the Settling Parties and the Settlement Class for the administration, consummation, and enforcement of the terms of the Settlement.

IT IS SO ORDERED.

Dated: 1/16/20

s/Lynn Adelman
Honorable Lynn Adelman
United States District Judge